**Kenneth Wayne HICKMAN, Appellant,**

v.

**Glenda M. ADAMS, et al., Appellee.**

No. 14–99–00690–CV.

Court of Appeals of Texas,
Houston (14th Dist.).

Nov. 30, 2000.

Rehearing Overruled Feb. 1, 2001.

Kenneth Hickman, Huntsville, pro se.

Daniel E. Maeso, Austin, for appellees.

Panel consists of Justices YATES, WITTIG, and FROST.

## OPINION

YATES, Justice.

Appellant, Kenneth N. Hickman, appeals from an order dismissing with prejudice his *pro se, in forma pauperis* suit under Chapter 14 of the Texas Civil Practice and Remedies Code. Finding the trial court erred in dismissing the suit with prejudice, we affirm the judgment as modified.

Appellant is an inmate at the Ellis Unit of the Texas Department of Criminal Justice Institutional Division ("TDCJ–ID"). Appellant filed a lawsuit against Glenda M. Adams, along with several other TDCJ–ID employees, alleging his civil rights had been violated. Because appellant was proceeding *pro se* and *in forma pauperis,* the trial court ordered an evidentiary hearing to determine whether there was an arguable basis in fact or in law for any of appellant's claims. Following that hearing, the trial court dismissed appellant's lawsuit "with prejudice" because he failed to "file a proper and complete Affidavit Relating to Previous Filings," in violation of section 14.004 of the Texas Civil Practice and Remedies Code. This appeal followed.

In his first point of error, appellant argues he should have been allowed to cure the defects in his affidavit before the dismissal was entered. Appellant's second

point of error contends that his claim should not have been dismissed with prejudice. Appellant complains further, in his third point of error, that he was not given notice that the Attorney General's Office would appear at the evidentiary hearing and move for a dismissal of his lawsuit.

### STANDARD OF REVIEW

■ As an inmate, appellant's suit is governed by Chapter 14 of the Texas Civil Practice and Remedies Code. *See* Act of June 8, 1995, 74th Leg., ch. 378, § 2, 1995 Tex.Gen.Laws 2921–27; *see also Thompson v. Henderson*, 927 S.W.2d 323, 324 (Tex.App.—Houston [1st Dist.] 1996, no writ) (noting that, effective June 8, 1995, the dismissal of inmate lawsuits is governed by sections 14.001–.014 of the Texas Civil Practice and Remedies Code). Under this chapter, a trial court has "broad discretion" to dismiss an inmate's suit if it finds that the claim is frivolous or malicious. *See Martinez v.. Thaler*, 931 S.W.2d 45, 46 (Tex.App.—Houston [14th Dist.] 1996, writ denied); *see also Lentworth v. Trahan*, 981 S.W.2d 720, 722 (Tex. App.—Houston [1st Dist.] 1998, no pet.) (citing Tex.Civ.Prac. & Rem.Code § 14.003(a)(2)). Therefore, a trial court's dismissal of an action as frivolous or malicious is subject to review under an abuse of discretion standard. *See Martinez*, 931 S.W.2d at 46. In that regard, a trial court abuses its discretion if it acts arbitrarily, capriciously, and without reference to any guiding rules or principles. *See id.*

### AFFIDAVIT OF PREVIOUS FILINGS

■ In his second point of error, appellant contends the trial court erred in dismissing his lawsuit with prejudice for failure to file an adequate affidavit of previous lawsuits, as required by section 14.004 of the Texas Civil Practice and Remedies Code. Section 14.003 of the Texas Civil Practice and Remedies Code provides that a trial court may dismiss a claim if the court finds that it is frivolous or malicious. *See* Tex.Civ.Prac. & Rem.Code Ann. § 14.003(a)(2) (Vernon Supp.2000). In determining whether a suit is frivolous or malicious, the court may consider, among other things, whether the claim is substantially similar to a previous claim filed by the inmate because the claim arises from the same operative facts. *See id.* at § 14.003(b)(4). To allow the trial court to determine whether a claim arises from the same operative facts as a previous claim, the legislature enacted Section 14.004 of the Texas Civil Practice and Remedies Code. Section 14.004 requires an inmate who files an affidavit or unsworn declaration of inability to pay costs to file a separate affidavit or declaration setting out the following information:

(1) identifying each suit, other than a suit under the Family Code, previously brought by the person and in which the person was not represented by an attorney, without regard to whether the person was an inmate at the time the suit was brought; and

(2) describing each suit that was previously brought by:

(A) stating the operative facts for which relief was sought;

(B) listing the case name, cause number, and the court in which the suit was brought;

(C) identifying each party named in the suit; and

(D) stating the result of the suit, including whether the suit was dismissed as frivolous or malicious under Section 13.001 or Section 14.003 or otherwise.

Tex.Civ.Prac. & Rem.Code Ann. § 14.004(a) (Vernon Supp.2000). The purpose of sections 14.003 and 14.004 is to curb constant, often duplicative, inmate litigation, by requiring the inmate to notify the trial court of previous litigation and the outcome. *See Bell v. Texas Dep't. of Criminal Justice–Institutional Div.*, 962 S.W.2d 156, 158 (Tex.App.—Houston [14th Dist.] 1998, review denied). If provided with the information required by section 14.004, the trial court can determine, based on the previous filings, whether the suit was frivolous be-

cause the inmate already filed a similar claim. *See id.*

█ In this case, the trial court dismissed appellant's suit and found that his affidavit of previous filings was insufficient to meet the requirements of section 14.004. In that affidavit, appellant listed four other suits, three of which had been dismissed. Although he stated the type of relief sought, he failed to state any operative facts for which that relief was sought, as required by section 14.004(2)(A). Because appellant did not list the facts of his previous suits, the trial court was entitled to assume the suit was substantially similar to one previously filed by appellant and, therefore, did not abuse its discretion by dismissing it as frivolous. *See Samuels v. Strain,* 11 S.W.3d 404, 406–07 (Tex.App.—Houston [1st Dist.] 2000, no pet.); *Bell,* 962 S.W.2d at 158; *Hickson v. Moya,* 926 S.W.2d 397, 398 (Tex.App.—Waco 1996, no writ).

Though we have determined the suit was properly dismissed, our inquiry does not end there. Appellant argues that even if his suit was properly dismissed, the trial court erred in dismissing it "with prejudice." We agree.

██ Dismissal with prejudice constitutes an adjudication on the merits and operates as if the case had been fully tried and decided. *See Ritchey v. Vasquez,* 986 S.W.2d 611, 612 (Tex.1999); *Mossler v. Shields,* 818 S.W.2d 752, 754 (Tex.1991); *Sommers v. Concepcion,* 20 S.W.3d 27, 39 (Tex.App.—Houston [14th Dist.] 2000, pet. denied); *Martin v. Martin, Martin & Richards, Inc.,* 991 S.W.2d 1, 9 (Tex. App.—Fort Worth 1997, no writ). Thus, orders dismissing cases with prejudice have full res judicata and collateral estoppel effect, barring subsequent relitigation of the same causes of action or issues between the same parties. *See Barr v. Resolution Trust Corp.,* 837 S.W.2d 627, 630–31 (Tex.1992); *Sommers,* at 39; *Martin,* 991 S.W.2d at 9; *Lentworth v. Trahan,*

981 S.W.2d 720, 722 (Tex.App.—Houston [1st Dist.] 1998, no pet.); *McConnell v. Attorney General of Texas,* 878 S.W.2d 281, 283 (Tex.App.—Corpus Christi 1994, no writ).

█ In this case, the dismissal with prejudice would act as a bar to any suit, arising out of the same facts, brought by appellant against appellees. We hold that a dismissal for failure to comply with the conditions in section 14.004 is not a dismissal on the merits, but rather an exercise of the trial court's discretion under chapter 14 of the Civil Practice and Remedies Code. Our holding is supported by language from the Supreme Court in *Denton v. Hernandez,* 504 U.S. 25, 112 S.Ct. 1728, 118 L.Ed.2d 340 (1992). In *Denton,* the Court reviewed a dismissal of an inmate's suit brought under title 28, section 1915 of the United States Code, the federal *in forma pauperis* statute. 504 U.S. at 27, 112 S.Ct. 1728. The Court held that a dismissal under this statute is not a dismissal on the merits; rather, it is merely an exercise of the trial court's discretion under the statute. *See id.* at 34, 112 S.Ct. 1728. Thus, when reviewing whether the district court abused its discretion in dismissing the inmate's suit, the appellate court should consider whether the suit was dismissed with prejudice and if it was, determine whether the inmate's error could be remedied. *See id.* If the error could be remedied, then a dismissal with prejudice is improper. *Compare Denton,* 504 U.S. at 27, 112 S.Ct. 1728 (holding dismissal with prejudice improper when inmate's error can be remedied), *with Hicks v. Brysch,* 989 F.Supp. 797, 816 (W.D.Tex.1997), *and Graves v. Hampton,* 1 F.3d 315, 319–20 (5th Cir.1993) (both holding that when face of inmate's petition establishes claims are subject to obvious meritorious defense, such as statute of limitation, dismissal with prejudice is appropriate). *See also Lentworth,* 981 S.W.2d at 723.[1] The Court based its holding on the

---

1. In *Lentworth,* the First Court of Appeals    held the trial court erred in dismissing an

fact that a dismissal with prejudice could subsequently have an unfair res judicata effect. *See id.*

Accordingly, we sustain appellant's second point of error insofar as his complaint regarding the dismissal "with prejudice" is concerned. We modify the trial court's judgment to delete the words "with prejudice."

In his first point of error, appellant complains further that the trial court did not allow him to cure or supplement his affidavit. First, we have previously held that because a trial court may dismiss an action as frivolous either before or after service of process, the trial court is under no duty to suggest or recommend that appellant amend his pleading. *See Kendrick v. Lynaugh,* 804 S.W.2d 153, 156 (Tex.App.—Houston [14th Dist.] 1990, no writ).[2] We hold the same reasoning applies to defects in the affidavit. Second, because we have determined the trial court should not have dismissed appellant's suit "with prejudice," appellant may refile his suit and attempt to comply with the affidavit requirements of section 14.004. Finally, after filing his first affidavit, appellant filed an amended affidavit regarding previous lawsuits, along with his motion to reconsider and motion for new trial. A review of this amended affidavit shows that it also fails to meet the requirements of section 14.004. Thus, it is obvious that giving appellant an opportunity to amend would not have resulted in a different outcome. Accordingly, we hold that the trial court did not abuse its discretion by refusing to allow appellant an opportunity to

cure the defects in his affidavit. We overrule point of error one.

## NOTICE OF THE MOTION TO DISMISS

In his third point of error, appellant contends he was not given notice that the Attorney General's Office would appear at the evidentiary hearing and file a motion to dismiss his lawsuit. He complains he was not served with a copy of any such motion, nor given an opportunity to contest the grounds set out therein. Appellant maintains, therefore, that his due process rights were violated. We disagree.

In the order setting the evidentiary hearing, which appellant admits he received on May 1, 1999, the trial court informed the parties that at the hearing the court may consider whether: (1) the allegation of poverty in the affidavit is false; (2) the claim or claims are frivolous or malicious; (3) plaintiff knowingly filed a false affidavit; (4) defendants are subject to suit or liability, in view of any assertion of official immunity; (5) counsel should be appointed; (6) to order sanctions or costs; or (7) *plaintiff has previously filed an in forma pauperis action in any state court that was dismissed as frivolous or malicious.* (emphasis added). Thus, appellant was clearly on notice of the issues to be considered at the hearing, and specifically, the ground the trial court actually relied on in dismissing the case. That he did not receive an actual copy of the motion to dismiss is harmless. The grounds contained in the Attorney General's motion to

inmate's suit with prejudice when the inmate failed to comply with section 14.004. 981 S.W.2d at 723. The First Court, however, did not distinguish between errors that could be remedied and those that could not. Rather, the court seemed to find that a dismissal with prejudice would never be appropriate. Given our holding in this case, we find it unnecessary to determine whether dismissal with prejudice is *never* appropriate.

2. We recognize that in *Kendrick* we held that the dismissal with prejudice was proper. *See*

*id.* However, we made that holding in the context of appellant's complaint that the trial court should not have dismissed his case with prejudice *without giving him an opportunity to amend. See id.* (emphasis added). We did not specifically address the issue of the propriety of a dismissal with prejudice other than in the context of opportunity to amend. *See id.* Thus, this prior decision is distinguishable from our holding in this case that the dismissal with prejudice was improper.

dismiss are the same as those recited by the trial court in its order setting the hearing. Accordingly, we hold appellant's contention that he was somehow deprived of notice, and therefore, due process, is without merit. We overrule his third point of error.

## CONCLUSION

The trial court's order of dismissal is reformed to delete the words "with prejudice," and as modified, the order is affirmed.