Affirmed and Memorandum Opinion filed April 8, 2004









Affirmed
and Memorandum Opinion filed April 8, 2004.

 

 

 

In The

 

Fourteenth Court of Appeals

____________

 

NO. 14-03-00669-CV

____________

 

KENNETH E. FREEMAN, Appellant

 

V.

 

GARY JOHNSON,
NEILL HODGES, ET AL, Appellees

 



 

On Appeal from the 278th
District Court

Walker County, Texas

Trial Court Cause No. 21,977

 



 

M E M O R A N D U M   O P I N I O N

Appellant Kenneth E. Freeman, an indigent
inmate acting pro se, appeals the dismissal of his lawsuit seeking
monetary damages for the alleged misplacement or theft of his clothes by prison
officials during his incarceration.  The
trial court dismissed without prejudice appellant=s claims for
failure to comply with Chapter 14 of the Texas Civil Practice and Remedies
Code.  We affirm.








In a suit brought by an inmate who asserts
an inability to pay costs, the inmate must file an affidavit or declaration
providing certain information about each previous lawsuit he or she has
filed.  See Tex. Civ. Prac. & Rem. Code Ann. ' 14.004(a) (Vernon
2002).  If the inmate fails to comply
with this requirement, the trial court may dismiss the lawsuit as
frivolous.  See id. ' 14.003(a); Bell
v. Tex. Dep=t of Crim. Justice B Inst=l Div., 962 S.W.2d 156,
158 (Tex. App.CHouston [14th Dist.] 1998, pet.
denied).  We review the trial court=s dismissal for an
abuse of discretion.  Hickman v. Adams,
35 S.W.3d 120, 123 (Tex. App.CHouston [14th
Dist.] 2000, no pet.).  Appellant filed
an affidavit or unsworn declaration of inability to pay costs, but he did not
file an affidavit identifying prior lawsuits filed by him pro se.  Appellant did not comply with the
requirements of section 14.004 of the Civil Practice and Remedies Code.  Accordingly, we hold the trial court=s decision to
dismiss appellant=s lawsuit for failure to comply with
section 14.004 of the Civil Practice and Remedies Code was not an abuse of
discretion.








Furthermore, appellant did not comply with
section 14.005 of the Civil Practice and Remedies Code.  Section 14.005 applies to inmate claims that
are subject to the inmate grievance system established under section 501.009 of
the Government Code.  See Tex. Civ. Prac. & Rem. Code Ann. ' 14.005(a) (Vernon
2002); Tex. Gov=t Code Ann. ' 501.008 (Vernon
1998).  The inmate grievance system
provides Athe exclusive administrative remedy
available to an inmate for a claim for relief against the [TDCJ] that arises
while the inmate is housed in a facility operated by the [TDCJ] or under
contract with the [TDCJ], other than a remedy provided by writ of habeas corpus
challenging the validity of an action occurring before the delivery of the
inmate to the [TDCJ] or to a facility operated under contract with the [TDCJ].@  See Tex.
Gov=t Code Ann. ' 501.008(a).  Section 14.005 of the Civil Practice and
Remedies Code provides that A[a] court shall
dismiss a claim if the inmate fails to file the claim before the 31st day after
the date the inmate receives the written decision from the grievance system.@  Tex.
Civ. Prac. & Rem. Code Ann. ' 14.005(b).  The record reflects that appellant received a
written decision from the grievance system on or about August 23, 2001.  Appellant did not file his lawsuit until
March 6, 2003, over a year and a half later. 
Thus, appellant has not complied with the exhaustion requirement set out
in section 501.008 of the Government Code and in section 14.005(b) of the Civil
Practice and Remedies Code.  Accordingly,
we hold the trial court did not abuse its discretion in dismissing appellant=s lawsuit for
failure to file suit within 31 days of receiving a written decision issued by
the highest authority provided in the grievance system.

We affirm the trial court=s judgment.

 

 

 

 

/s/      Leslie Brock Yates

Justice

 

 

 

Judgment
rendered and Memorandum Opinion filed April 8, 2004.

Panel
consists of Justices Yates, Anderson, and Hudson.