SCOTT V. MACHA

COURT OF APPEALS

SECOND DISTRICT OF TEXAS

FORT WORTH

NO. 2-04-157-CV

MICHAEL SCOTT APPELLANT

V.

BARRY MACHA, CRIMINAL APPELLEE

DISTRICT ATTORNEY FOR 

WICHITA COUNTY, TEXAS 

------------

FROM THE 30TH DISTRICT COURT OF WICHITA COUNTY

------------

MEMORANDUM OPINION
(footnote: 1)

------------

Appellant Michael Scott, a pro se inmate, appeals from the trial court’s order dismissing his case against Appellee pursuant to chapter 14 of the Texas Civil Practice and Remedies Code.  We affirm.

Background

Appellant is incarcerated in the Texas Department of Criminal Justice—Institutional Division (TDJC-ID).  Appellee is the District Attorney for Wichita County, Texas.  On June 23, 2003, Appellee received from Appellant three criminal complaints concerning episodes involving Appellant and correctional officers that allegedly occurred while Appellant was housed in the Allred Unit of TDJC-ID, located in Wichita County.
(footnote: 2)  On June 26, 2003, Appellee’s office forwarded Appellant’s complaints to the Special Prosecution Unit that was appointed to investigate and prosecute all complaints arising from the Allred Unit.  On July 25, 2003, the Special Prosecution Unit notified Appellant that all of the allegations fall under the responsibility of the Office of the Inspector General’s Office, Investigative Division, and Appellant’s three complaints were being forwarded to that office.

On August 28, 2003, Appellant filed an original petition for writ of mandamus in the trial court requesting that the court require Appellee to file the three criminal complaints that Appellant had sent to Appellee.  On February 25, 2004, the trial court dismissed with prejudice Appellant’s lawsuit pursuant to chapter 14 of the Texas Civil Practice and Remedies Code.  
See
 
Tex. Civ. Prac. & Rem. Code Ann.
 ch. 14 (Vernon 2002) (“Inmate Litigation”).  In its order, the court found that: 1) Appellant’s claim is frivolous in that the claim’s realistic chance of ultimate success is slight; and 2) the claim has no arguable basis in law.  
See id.
 § 14.003.  The court did not file separate findings of fact or conclusions of law.

In three issues on appeal, Appellant contends the trial court abused its discretion in making both of the findings contained in the order and in dismissing the suit with prejudice.  Appellee has not filed an appellate brief.

Discussion

Chapter 14 applies to a suit brought by an inmate in which an affidavit or unsworn declaration of inability to pay costs is filed by the inmate.  
Tex. Civ. Prac. & Rem. Code Ann.
 § 14.002(a).  We review a trial court's dismissal of an inmate's claim under chapter 14 under an abuse of discretion standard.  
See Bishop v. Lawson
, 131 S.W.3d 571, 574 (Tex. App.—Fort Worth 2004, pet. denied); 
Thomas v. Wichita Gen. Hosp.
, 952 S.W.2d 936, 939 (Tex. App.—Fort Worth 1997, pet. denied).  A court abuses its discretion if it acts without reference to guiding rules or principles.  
See Downer v. Aquamarine Operators, Inc.
, 701 S.W.2d 238, 241-42 (Tex. 1985), 
cert. denied
, 476 U.S. 1159 (1986).

The Texas Supreme Court has stated the law applicable when a party requests that a trial court issue a writ of mandamus against a public official:

A writ of mandamus will issue to compel a public official to perform a ministerial act.  An act is ministerial when the law clearly spells out the duty to be performed by the official with sufficient certainty that nothing is left to the exercise of discretion.  Furthermore, a writ of mandamus will not issue to compel a public official to perform an act which involves an exercise of discretion.  However, this rule is not without exception--a writ of mandamus may issue in a proper case to correct a clear abuse of discretion by a public official.

Anderson v. City of Seven Points
, 806 S.W.2d 791, 793 (Tex. 1991) (internal citations omitted).

A trial court may dismiss a claim if the court finds that the claim is frivolous or malicious. 
Tex. Civ. Prac. & Rem. Code Ann.
 § 14.003.  In determining whether the claim is frivolous or malicious, the court may consider whether:

(1) the claim’s realistic chance of ultimate success is slight;

(2) the claim has no arguable basis in law or in fact;

(3) it is clear that the party cannot prove facts in support of the claim; or

(4) the claim is substantially similar to a previous claim filed by the inmate because the claim arises from the same operative facts.

Id.

Both the United States Supreme Court and the Texas Court of Criminal Appeals have recognized that prosecutors have broad discretion in deciding which cases to prosecute.  The Supreme Court has observed that “In our system, so long as the prosecutor has probable cause to believe that the accused committed an offense defined by statute, the decision whether or not to prosecute, and what charge to file or bring before a grand jury, 
generally rests entirely in his discretion
.”  
Bordenkircher v. Hayes
, 434 U.S. 357, 364, 98 S.Ct. 663, 668 (1978) (emphasis added); 
see
 
Neal v. State
, 150 S.W.3d 169, 173 (Tex. Crim. App. 2004) (relying upon quoted language from 
Bordenkircher
).

Based upon existing law, we conclude that it was within Appellee’s discretion to decide whether to pursue the criminal complaints brought by Appellant.  Accordingly, the relief sought in Appellant’s lawsuit does not involve a ministerial act or an abuse of discretion by Appellee, but involves the performance of an act that is entirely within Appellee’s discretion.

After reviewing the record and considering the documents that were before the trial court, we hold that the trial court’s finding that Appellant’s claim is frivolous is supported by the facts and the law.  Thus, the court did not abuse its discretion in dismissing Appellant’s suit under section 14.003.  We overrule Appellant’s first and second issues.

Appellant’s third issue complains that the dismissal was with prejudice.  A dismissal with prejudice functions as a final determination on the merits.  
Ritchey v. Vasquez
, 986 S.W.2d 611, 612 (Tex. 1999); 
see also Hickman v. Adams
, 35 S.W.3d 120, 124 (Tex. App.—Houston [14th Dist.] 2000, no pet.) (applying the principle to a chapter 14 dismissal).  If a deficiency in an inmate's suit brought pursuant to chapter 14 may be remedied in a subsequent filing, then dismissal with prejudice is improper.  
Light v. Womack
, 113 S.W.3d 872, 874 (Tex. App.—Beaumont 2003, no pet.); 
Hickman
, 35 S.W.3d at 124.

Because we have held that Appellee has discretion in determining whether to file Appellant’s three complaints, and Appellee was therefore not subject to mandamus in the trial court, there is no way that Appellant can remedy any deficiency in his pleadings and refile this lawsuit in the trial court.  Accordingly, dismissal with prejudice was proper.  We overrule Appellant’s third issue.

Conclusion

We affirm the dismissal order of the trial court.

PER CURIAM

PANEL F:  HOLMAN, LIVINGSTON, and DAUPHINOT, JJ.

DELIVERED:  February 17, 2005

FOOTNOTES
1:
See
 
Tex. R. App. P.
 47.4.

2:
Appellant is currently incarcerated in the Bill Clements Unit of TDJC-ID, located in Amarillo, Texas.  The record does not reflect when Appellant was transferred to the Clements Unit, and that fact is not relevant to this appeal.