COURT OF APPEALS
SECOND DISTRICT OF TEXAS
FORT WORTH
 
NO. 2-04-157-CV
  
   
MICHAEL 
SCOTT                                                                   APPELLANT
   
V.
   
BARRY 
MACHA, CRIMINAL                                                       APPELLEE
DISTRICT 
ATTORNEY FOR
WICHITA 
COUNTY, TEXAS
  
  
------------
 
FROM 
THE 30TH DISTRICT COURT OF WICHITA COUNTY
 
------------
 
MEMORANDUM OPINION[1]
 
------------
        Appellant 
Michael Scott, a pro se inmate, appeals from the trial court’s order 
dismissing his case against Appellee pursuant to chapter 14 of the Texas Civil 
Practice and Remedies Code.  We affirm.
Background
        Appellant 
is incarcerated in the Texas Department of Criminal Justice—Institutional 
Division (TDJC-ID). Appellee is the District Attorney for Wichita County, Texas. 
On June 23, 2003, Appellee received from Appellant three criminal complaints 
concerning episodes involving Appellant and correctional officers that allegedly 
occurred while Appellant was housed in the Allred Unit of TDJC-ID, located in 
Wichita County.[2]  On June 26, 2003, 
Appellee’s office forwarded Appellant’s complaints to the Special 
Prosecution Unit that was appointed to investigate and prosecute all complaints 
arising from the Allred Unit. On July 25, 2003, the Special Prosecution Unit 
notified Appellant that all of the allegations fall under the responsibility of 
the Office of the Inspector General’s Office, Investigative Division, and 
Appellant’s three complaints were being forwarded to that office.
        On 
August 28, 2003, Appellant filed an original petition for writ of mandamus in 
the trial court requesting that the court require Appellee to file the three 
criminal complaints that Appellant had sent to Appellee. On February 25, 2004, 
the trial court dismissed with prejudice Appellant’s lawsuit pursuant to 
chapter 14 of the Texas Civil Practice and Remedies Code. See Tex. Civ. Prac. & Rem. Code Ann. ch. 
14 (Vernon 2002) (“Inmate Litigation”). In its order, the court found that: 
1) Appellant’s claim is frivolous in that the claim’s realistic chance of 
ultimate success is slight; and 2) the claim has no arguable basis in law. See 
id. § 14.003. The court did not file separate findings of fact or 
conclusions of law.
        In 
three issues on appeal, Appellant contends the trial court abused its discretion 
in making both of the findings contained in the order and in dismissing the suit 
with prejudice. Appellee has not filed an appellate brief.
Discussion
        Chapter 
14 applies to a suit brought by an inmate in which an affidavit or unsworn 
declaration of inability to pay costs is filed by the inmate. Tex. Civ. Prac. & Rem. Code Ann. § 
14.002(a). We review a trial court's dismissal of an inmate's claim under 
chapter 14 under an abuse of discretion standard. See Bishop v. Lawson, 
131 S.W.3d 571, 574 (Tex. App.—Fort Worth 2004, pet. denied); Thomas v. 
Wichita Gen. Hosp., 952 S.W.2d 936, 939 (Tex. App.—Fort Worth 1997, pet. 
denied). A court abuses its discretion if it acts without reference to guiding 
rules or principles. See Downer v. Aquamarine Operators, Inc., 701 S.W.2d 
238, 241-42 (Tex. 1985), cert. denied, 476 U.S. 1159 (1986).
        The 
Texas Supreme Court has stated the law applicable when a party requests that a 
trial court issue a writ of mandamus against a public official:
   
A writ of mandamus will issue to compel a public official to perform a 
ministerial act.  An act is ministerial when the law clearly spells out the 
duty to be performed by the official with sufficient certainty that nothing is 
left to the exercise of discretion.  Furthermore, a writ of mandamus will 
not issue to compel a public official to perform an act which involves an 
exercise of discretion.  However, this rule is not without exception--a 
writ of mandamus may issue in a proper case to correct a clear abuse of 
discretion by a public official.
 
Anderson 
v. City of Seven Points, 806 S.W.2d 791, 793 (Tex. 1991) (internal citations 
omitted).
        A 
trial court may dismiss a claim if the court finds that the claim is frivolous 
or malicious. Tex. Civ. Prac. & Rem. 
Code Ann. § 14.003. In determining whether the claim is frivolous or 
malicious, the court may consider whether:
 
(1)the claim’s realistic chance of ultimate success is slight;
(2)the 
claim has no arguable basis in law or in fact;
(3)it 
is clear that the party cannot prove facts in support of the claim; or
 
(4)the 
claim is substantially similar to a previous claim filed by the inmate because 
the claim arises from the same operative facts.
  
Id.
        Both 
the United States Supreme Court and the Texas Court of Criminal Appeals have 
recognized that prosecutors have broad discretion in deciding which cases to 
prosecute. The Supreme Court has observed that “In our system, so long as the 
prosecutor has probable cause to believe that the accused committed an offense 
defined by statute, the decision whether or not to prosecute, and what charge to 
file or bring before a grand jury, generally rests entirely in his discretion.” 
Bordenkircher v. Hayes, 434 U.S. 357, 364, 98 S.Ct. 663, 668 (1978) 
(emphasis added); see Neal v. State, 150 S.W.3d 169, 173 (Tex. 
Crim. App. 2004) (relying upon quoted language from Bordenkircher).
        Based 
upon existing law, we conclude that it was within Appellee’s discretion to 
decide whether to pursue the criminal complaints brought by Appellant. 
Accordingly, the relief sought in Appellant’s lawsuit does not involve a 
ministerial act or an abuse of discretion by Appellee, but involves the 
performance of an act that is entirely within Appellee’s discretion.
        After 
reviewing the record and considering the documents that were before the trial 
court, we hold that the trial court’s finding that Appellant’s claim is 
frivolous is supported by the facts and the law. Thus, the court did not abuse 
its discretion in dismissing Appellant’s suit under section 14.003. We 
overrule Appellant’s first and second issues.
        Appellant’s 
third issue complains that the dismissal was with prejudice. A dismissal with 
prejudice functions as a final determination on the merits. Ritchey v. 
Vasquez, 986 S.W.2d 611, 612 (Tex. 1999); see also Hickman v. Adams, 
35 S.W.3d 120, 124 (Tex. App.—Houston [14th Dist.] 2000, no pet.) (applying 
the principle to a chapter 14 dismissal). If a deficiency in an inmate's suit 
brought pursuant to chapter 14 may be remedied in a subsequent filing, then 
dismissal with prejudice is improper. Light v. Womack, 113 S.W.3d 872, 
874 (Tex. App.—Beaumont 2003, no pet.); Hickman, 35 S.W.3d at 124.
        Because 
we have held that Appellee has discretion in determining whether to file 
Appellant’s three complaints, and Appellee was therefore not subject to 
mandamus in the trial court, there is no way that Appellant can remedy any 
deficiency in his pleadings and refile this lawsuit in the trial court. 
Accordingly, dismissal with prejudice was proper. We overrule Appellant’s 
third issue.
Conclusion
        We 
affirm the dismissal order of the trial court.
    

                                                                  PER 
CURIAM
    
PANEL F: 
HOLMAN, LIVINGSTON, and DAUPHINOT, JJ.
   
DELIVERED: 
February 17, 2005


NOTES
1.  
See Tex. R. App. P. 47.4.
2.  
Appellant is currently incarcerated in the Bill Clements Unit of TDJC-ID, 
located in Amarillo, Texas.  The record does not reflect when Appellant was 
transferred to the Clements Unit, and that fact is not relevant to this appeal.