NO. 12-05-00022-CV
 
IN THE COURT OF APPEALS

TWELFTH COURT OF APPEALS DISTRICT

TYLER, TEXAS
HOWARD VANZANDT WILLIAMS,              §                 APPEAL FROM THE 369TH
APPELLANT

V.
§JUDICIAL DISTRICT COURT OF
ROBERT HERRERA, MARY LINSON, 
LVN TERESA GRAHAM, SGT. JAMES
GREEN AND “OTHERS NOT NAMED
AT THIS TIME”
APPELLEES                                                      §                 ANDERSON COUNTY, TEXAS
                                                                                                                                                            
MEMORANDUM OPINION
            Howard Vanzandt Williams, an inmate in the Texas Department of Criminal
Justice–Institutional Division, proceeding pro se, filed an in forma pauperis suit against Robert
Herrera, Mary Linson, Teresa Graham, James Green and “Others Not Named At This Time.”
Williams appeals the trial court’s order dismissing his suit pursuant to Texas Civil Practice and
Remedies Code, section 14.003. Williams raises five issues on appeal. We modify and, as modified,
affirm.
 
Background
            Williams is an inmate at the Beto Unit in Tennessee Colony, Texas. While incarcerated,
Williams filed a civil suit against Herrera, Linson, Graham, Green, and others unknown, alleging
causes of action for deprivation of liberty, due process, equal protection, and liberties under the
Texas Tort Claims Act, section 101.021 and title 42 of the United States Code, sections 1981, 1983,
and 1985 (b). Along with his original petition, Williams also filed a declaration of previous lawsuits,
in which he listed nineteen previously filed lawsuits. In the declaration, Williams set forth generally
the legal theories raised in each suit, but did not describe in detail the facts giving rise to each of the
suits.
            On January 5, 2005, without conducting a hearing, the trial court found that Williams’s suit
was frivolous or malicious and dismissed it with prejudice pursuant to Texas Civil Practice and
Remedies Code, section 14.003. This appeal followed.
 
Dismissal Pursuant to Texas Civil Practice and Remedies Code Chapter 14
            In five issues, Williams argues that the trial court’s dismissal was improper. Specifically,
Williams alleges that the trial court denied him due process, equal protection of law, and “due course
provisions of law.” He further contends that the trial court abused its discretion by erroneously
applying legal conclusions, failing to provide a statement explaining the court’s dismissal,
inappropriately resolving genuine issues of disputed facts, and failing to issue findings of fact.
Standard of Review
            We review the trial court’s dismissal of an in forma pauperis suit under an abuse of discretion
standard. Hickson v. Moya, 926 S.W.2d 397, 398 (Tex. App.–Waco 1996, no writ). A trial court
abuses its discretion if it acts arbitrarily, capriciously, and without reference to any guiding rules or
principles. Lentworth v. Trahan, 981 S.W.2d 720, 722 (Tex. App.–Houston [1st Dist.] 1998, no
pet.). Trial courts are given broad discretion to determine whether a case should be dismissed
because (1) prisoners have a strong incentive to litigate, (2) the government bears the cost of an in
forma pauperis suit, (3) sanctions are not effective, and (4) the dismissal of unmeritorious claims
accrues to the benefit of state officials, courts, and meritorious claimants. See Montana v.
Patterson, 894 S.W.2d 812, 814-15 (Tex. App.–Tyler 1994, no writ). We will affirm a dismissal
if it was proper under any legal theory. Johnson v. Lynaugh, 796 S.W.2d 705, 706-07 (Tex. 1990).
Applicable Law and Discussion
            Chapter 14 of the Texas Civil Practice and Remedies Code controls suits brought by an
inmate in which the inmate has filed an affidavit or unsworn declaration of inability to pay costs.


 
Tex Civ. Prac. & Rem. Code Ann. §14.002(a) (Vernon 2002); Hickson, 926 S.W.2d at 398. 
Section 14.003 provides that a trial court may dismiss a claim before or after service of process if
the court finds that the claim is frivolous or malicious. Tex. Civ. Prac. & Rem. Code Ann.
§ 14.003(a)(2). In determining whether a claim is frivolous or malicious, a trial court may consider
whether the claim is substantially similar to a previous claim filed by the inmate because the claim
arises out of the “same operative facts.” Id. § 14.003(b)(4). To enable a trial court to determine
whether the suit is substantially similar to a previous one, an inmate is required to file a separate
affidavit or unsworn declaration describing all other suits the inmate has previously brought and
stating the “operative facts” upon which relief was sought in each suit. Id. § 14.004(a)(2)(A). The
affidavit must also disclose whether the prior suits were dismissed as frivolous or malicious and
provide the dates of the final orders affirming the dismissals. Id. §§ 14.004(a)(2)(D), 14.004(b). 
            In the instant case, the record contains no affidavits or unsworn declarations in compliance
with section 14.004 of the Texas Civil Practice and Remedies Code. Although Williams filed a
declaration listing previous lawsuits filed, he failed to sufficiently set forth in detail the “operative
facts” upon which relief was sought in each suit. Instead, to the best of his memory, Williams stated
the legal theories that he raised in each of the previous nineteen suits listed, such as “the arbitrary
and capricious placing of petitioner in a work squad counter to his medical restrictions,” “the filing
of false disciplinary cases and falsifying official governmental documents to justify the same,”
“retaliatory conspiracy,” and “illegal disciplinary convictions used as a means to circumvent and
extend sentences.” Without a more detailed description of the operative facts upon which
Williams’s previous lawsuits were based, the trial court was unable to consider whether Williams’s
current claim was substantially similar to his previous claims. See Bell v. Tex. Dep’t of Criminal
Justice–Inst’l Div., 962 S.W.2d 156, 158 (Tex. App.–Houston [14th Dist.] 1998, pet. denied). 
Williams also failed to state whether the prior suits were dismissed as frivolous or malicious and
the dates of the final orders affirming the dismissals. See Tex. Civ. Prac. & Rem. Code Ann.
§§ 14.004(a)(2)(D), 14.004(b).
            When an inmate files an affidavit or declaration that fails to comply with the requirements
of section 14.004, “the trial court is entitled to assume that the suit is substantially similar to one
previously filed by the inmate, and therefore, frivolous.” Bell, 962 S.W.2d at 158. Thus, we
conclude that the trial court did not abuse its discretion when it dismissed Williams’s suit. Id.
Accordingly, we overrule Williams’s issues one, two, three, four, and five.
 
Dismissal with Prejudice
            When an appellate court reviews whether a trial court abused its discretion in dismissing an
inmate’s suit, it should consider whether the suit was dismissed with prejudice and, if so, determine
whether the inmate’s error could be remedied through more specific pleading. See Thomas v.
Skinner, 54 S.W.3d 845, 846-47 (Tex. App.–Corpus Christi 2001, pet. denied). A dismissal with
prejudice constitutes an adjudication on the merits and operates as if the case had been fully tried and
decided. See Ritchey v. Vasquez, 986 S.W.2d 611, 612 (Tex. 1999). Thus, orders dismissing cases
with prejudice have full res judicata and collateral estoppel effect, barring subsequent relitigation
of the same causes of action or issues between the same parties. See Barr v. Resolution Trust Corp.,
837 S.W.2d 627, 630-31 (Tex. 1992). On the other hand, a dismissal for failure to comply with the
conditions in section 14.004 is not a dismissal on the merits, but rather an exercise of the trial court’s
discretion under chapter 14 of the Texas Civil Practice and Remedies Code. See Thomas v. Knight,
52 S.W.3d 292, 295 (Tex. App.–Corpus Christi 2001, pet. denied); Hickman v. Adams, 35 S.W.3d
120, 124 (Tex. App.–Houston [14th Dist.] 2000, no pet.). A dismissal with prejudice is improper
if the plaintiff’s failure can be remedied by more specific pleading. See Hickman, 35 S.W.3d at 124. 
            In Thomas v. Skinner, the trial court improperly dismissed with prejudice the petitioner’s
case when the petitioner failed to include an affidavit or declaration describing each suit that he had
previously filed as required to be in compliance with section 14.004. Thomas, 54 S.W.3d at 846-47. 
The appellate court reasoned that Thomas’s failure to comply with chapter 14 could have been
remedied through amendment of his pleadings. Id. at 847. Likewise, we conclude that Williams’s
error could have been remedied through more specific pleading. Thus, the trial court’s dismissal
with prejudice was improper.
 
Disposition
            We modify the trial court’s order of dismissal by deleting the words “with prejudice” and
substituting in their place the words “without prejudice.” As modified, we affirm the trial court’s
dismissal order.
 
                                                                                                    DIANE DEVASTO 
                                                                                                                 Justice
 
 
Opinion delivered January 31, 2006.
Panel consisted of Worthen, C.J., Griffith, J., and DeVasto, J.
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
(PUBLISH)