Affirmed and Memorandum Opinion filed March 28, 2006









Affirmed
and Memorandum Opinion filed March 28, 2006.

 

 

In The

 

Fourteenth Court of Appeals

____________

 

NO. 14-04-00821-CV

____________

 

CHARLES RAY HARDY, Appellant

 

V.

 

ARGELIO VILLEREAL
and TEXAS DEPARTMENT OF CRIMINAL JUSTICE, INSTITUTIONAL DIVISION, Appellees

 



 

On Appeal from the 23rd
District Court

Brazoria County, Texas

Trial Court Cause No. 29,749

 



 

M EM O R A N D U M  O P I N I O N

Appellant, Charles Ray Hardy, an indigent
inmate of the Texas Department of Criminal Justice, Institutional Division,
appeals from an order dismissing his pro se, in forma pauperis
suit against Argelio Villereal and the Texas Department of Criminal Justice.  On appeal, appellant contends (1) the trial
court abused its discretion when dismissing the cause of action as frivolous or
malicious, and (2) the order of dismissal is voidable.  We affirm. 








We review a trial court=s decision to
dismiss a lawsuit brought by an inmate under the Inmate Litigation Act, Chapter
Fourteen of the Texas Civil Practice and Remedies Code, under an abuse of
discretion standard.  Retzlaff v. Tex.
Dept. of Criminal Justice, 94 S.W.3d 650, 654 (Tex. App.CHouston [14th
Dist.] 2002, pet. denied).  A trial court
abuses its discretion when it acts without reference to any guiding rules or
principles.  Cire v. Cummings, 134
S.W.3d 835, 838B39 (Tex. 2004).  

When proceeding in forma pauperis,
an inmate=s suit must comply with the Inmate
Litigation Act as prescribed by Chapter Fourteen of the Texas Civil Practice
and Remedies Code.  See Tex. Civ. Prac. & Rem. Code Ann. ' 14.002(a) (Vernon
2002).  The legislature enacted Chapter
Fourteen to control the flood of frivolous lawsuits filed in Texas courts by
prison inmates.  McCollum v. Mt.
Ararat Baptist Church, Inc., 980 S.W.2d 535, 537 (Tex. App.CHouston [14th
Dist.] 1998, no pet.).  An inmate must
exhaust all administrative remedies before filing a claim with a trial
court.  See Tex. Civ. Prac. & Rem. Code Ann. ' 14.005 (Vernon
2002); Sanders v. Palunsky, 36 S.W.3d 222, 226 (Tex. App.CHouston [14th
Dist.] 2001, no pet.).  

Appellant included all paperwork necessary
for the trial court to consider his claim with his original petition.  He included an affidavit of his previous
filings in compliance with section 14.004, an affidavit of his grievances, an
affidavit of his inability to pay the costs associated with the claim, and
copies of his grievance forms.  See Tex. Civ. Prac. & Rem. Code Ann. '' 14.004, 14.005
(Vernon 2002).  The Inmate Litigation Act
required appellant to file his petition within 31 days of the date he received
the written decision from the grievance system. 
See Tex. Civ. Prac. &
Rem. Code Ann. ' 14.005(b) (Vernon 2002).  Appellant=s affidavit shows
he received the written decision from the grievance system on May 14,
2004.  Therefore, appellant was required
to file his claim by June 14.  








A pro se inmate=s petition is
considered filed at the moment it is placed in a properly addressed and stamped
envelope or wrapper with the prison authorities for mailing.  Warner v. Glass, 135 S.W.3d 681, 682
(Tex. 2004).  Neither the record nor
appellant=s brief indicate on what date appellant=s petition was
left with prison authorities for mailing. 
The only indication we have as to when it may have been filed is the
file stamp on the  petition itself, which
was dated July 21, 37 days beyond the deadline. 
Appellant dated his signature on the petition with the date of May 24,
but the record is devoid of any facts indicating why the petition was not received
by the trial court until July 21.  The
record does not contain the envelope used to mail the documents nor any other
evidence indicating appellant delivered the package for mailing by June
14.  It is clear his filing was delayed,
but it is not clear who or what caused that delay.  Neither the record before us nor any
arguments by appellant address the delay, and therefore, we are not at liberty
to speculate.  Accordingly, we hold the
trial court did not abuse its discretion when dismissing appellant=s cause of
action.  See Brooks v. Tex. Dept. of
Criminal Justice, No. 13-04-00320-CV, 2005 WL 1797071, at *2 (Tex. App.CCorpus Christi
July 28, 2005, pet. denied) (not designated for publication) (holding
the trial court did not abuse its discretion when no evidence exists the inmate=s petition was not
timely received).  We overrule appellant=s first point of
error.








In appellant=s second point of
error, he claims the trial court=s order of
dismissal is voidable because dismissing the cause of action without prejudice
conflicts with the dismissal itself.  In
essence, appellant argues that a dismissal with prejudice is what would make
most sense.  This court has held on prior
occasions that a dismissal without prejudice is the appropriate manner to
dismiss an inmate=s cause of action under the Inmate
Litigation Act.  See, e.g., Barnes
v. Tex. Dept. of Criminal Justice, No. 14-02-00801-CV, 2004 WL 612824, at
*3 (Tex. App.CHouston [14th Dist.] March 30, 2004, no
pet.) (not designated for publication); Hickman v. Adams, 35
S.W.3d 120, 124B25 (Tex. App.CHouston [14th
Dist.] 2000, no pet.).  A dismissal with
prejudice constitutes the equivalent of an adjudication on the merits and
operates as if the case had been fully tried and decided, and therefore, it has
full res judicata and collateral estoppel effect.  Hickman, 35 S.W.3d at 124B25.  A trial court=s dismissal of a
cause of action under section 14.005 is not a dismissal on the merits, and a
dismissal without prejudice is the correct disposition.  Appellant correctly argues that an error in
the trial court=s judgment will render that judgment
voidable.  See Greiner v. Jameson,
865 S.W.2d 493, 501 (Tex. App.CDallas 1993, writ
denied).  However, we find no error in
the trial court=s judgment.  Accordingly, we overrule appellant=s second point of
error.  

Having considered and overruled each of
appellant=s points of error on appeal, we affirm the
judgment of the trial court.  

 

 

 

 

 

/s/      John S. Anderson

Justice

 

 

 

 

Judgment
rendered and Memorandum Opinion filed March 28, 2006.

Panel
consists of Justices Anderson, Edelman, and Frost.

Do
Not Publish C Tex.
R. App. P. 47.2(b).