Affirmed and Memorandum Opinion filed December 2, 2008








Affirmed
and Memorandum Opinion filed December 2, 2008.

 

 

In The

 

Fourteenth Court of
Appeals

_______________

 

NO. 14-07-00719-CV

_______________

 

DELFORD B. MATHEWS, Appellant

 

V.

 

RICHARD A. TRINCI, JR.; KATHRYN A. BELL; SGT. JAMES
HUDSON, AND TIMOTHY MOFFETT, Appellees

                                                                                                                                               


On Appeal from the 412th District Court

Brazoria County, Texas

Trial Court Cause No. 43671

                                                                                                                                               


 

M E M O R A N D U M   O P I N I O N

Appellant, Delford B. Mathews,
appeals from the trial court=s dismissal with prejudice of his harassment claim against
appellees as agents of the Texas Department of Criminal Justice (Athe Department@).  Appellant contends that the trial
court erred by (1) failing to state the grounds for dismissal; and (2)
dismissing without affording appellant leave to amend his complaint.  We
affirm.








Background

Appellant is an inmate housed in the
Texas Department of Criminal Justice facility in Angleton, Brazoria County. 
Appellant filed three separate grievance forms with the Department under the
procedure established by Texas Government Code _ 501.008 (Vernon 2004).  All three
grievances related to an incident which took place on July 25, 2006 and the
ensuing investigation which followed.  Appellant exhausted his administrative
remedies with regard to all three grievances.  Appellant received the written
decision from the latest of these grievances on January 4, 2007.

Appellant filed suit in forma
pauperis against appellees in Brazoria County District Court on July 19,
2007 asserting claims for emotional distress and other money damages stemming
from the alleged harassment of July 25, 2006.  On August 13, 2007, the trial
court signed an order dismissing appellant=s case with prejudice for failure to
state a cause of action as a matter of law.  Appellant appeals from the trial
court=s order.

Analysis

Appellant challenges the trial court=s dismissal order on grounds that (1)
it failed to identify the statutory provision on which it relied for dismissal;
and (2) dismissal without affording him an opportunity to amend his pleading
was improper.  We review dismissal of a cause of action brought by an inmate in
forma pauperis for abuse of discretion.  Hickman v. Adams, 35 S.W.3d
120, 123 (Tex. App.BHouston [14th Dist.] 2000, no pet.).  Abuse of discretion is
determined by examining whether the court acted arbitrarily, capriciously, or
without reference to any guiding principles.  Id.

I.          Failure
to Identify Statutory Ground for Dismissal








A trial court may dismiss an inmate=s claim, either before or after
service of process, if the court finds that the claim is Afrivolous or malicious.@  Tex. Civ. Prac. & Rem. Code
Ann. _ 14.003(a)(2) (Vernon 2002).  In
determining whether a claim is frivolous or malicious, the court may consider
whether the claim Ahas no arguable basis in law or in fact.@  Id. _ 14.003(b)(2) (Vernon 2002).  A trial
court shall dismiss a claim if the inmate fails to file the claim before the
thirty-first day after the date he or she receives the written decision from
the grievance system established under section 501.008 of the Government Code. 
Id. _
14.005(a), (b) (Vernon 2002).

Appellant contends that the trial
court was required to specify the statutory ground relied upon in dismissing
appellant=s case.  Appellant=s argument relies on a misunderstanding of the applicable law
and a misreading of the trial court=s order.  Appellant fails to cite any
authority _ nor
have we found any _ requiring a trial court to specify which statute, if any, it relied upon
in dismissing an inmate=s case brought in forma pauperis.  Furthermore, while
the trial court=s order does not cite any particular statute on which it
relies, it explicitly says that appellant Afailed to state a cause of action as
a matter of law.@  Such language indicates that the trial court determined
that appellant=s claim had no arguable basis in law, which is explicitly listed as a
viable ground for dismissal of an inmate=s claim as frivolous or malicious
under section 14.003 of the Civil Practices and Remedies Code.  See id.
_ 14.003(a)(2), (b)(2).

In addition, the trial court was
obligated to dismiss appellant=s case under section 14.005 of the Civil Practices and
Remedies Code.  See id. _ 14.005(b).  This provision=s language is mandatory and requires
a trial court to dismiss an inmate=s claim if he fails to file his
petition before the thirty-first day after receiving the written decision from
the Department=s grievance system.  Appellant filed his petition on July 19, 2007. 
Appellant received written decisions from the Department regarding his three
grievances in September 2006, October 2006, and January 2007.  Appellant=s petition was filed well after the
deadline had passed, and the trial court therefore was required to dismiss his
claim.  See id.; see also Freeman v. Johnson, No. 14-03-00669-CV,
2004 WL 744421, at *1 (Tex. App.BHouston [14th Dist.] Apr. 8, 2004, no
pet.) (mem. op.).  Under these circumstances, we cannot say that the trial
court abused its discretion in dismissing appellant=s case for failure to state a cause
of action as a matter of law.








We overrule appellant=s issue regarding the trial court=s failure to specify statutory
grounds for dismissal.

II.        Dismissal
With Prejudice

Appellant contends that it was error
for the trial court to dismiss his case with prejudice, thus depriving him of
the opportunity to amend his pleading.

Dismissal with prejudice constitutes
an adjudication on the merits and operates as if the case had been fully tried
and decided.  Hickman, 35 S.W.3d at 124.  Orders dismissing cases with
prejudice have full res judicata and collateral estoppel effect, barring
subsequent litigation of the same causes of action or issues between the same
parties.  Id.  Dismissal with prejudice is proper when an inmate=s failure to comply with statutory
filing requirements cannot be remedied; otherwise, dismissal should be without
prejudice.  See id.

As noted above, appellant failed to
timely file his petition with the trial court under the provisions of Texas
Civil Practices and Remedies Code _ 14.005(b).  This error cannot be remedied by amending
the pleading.  As a result, dismissal with prejudice was appropriate in this
case.  See Hickman, 35 S.W.3d at 124.

We overrule appellant=s issue regarding the trial court=s dismissal of his claim with
prejudice.

Conclusion

The trial court=s dismissal order is affirmed.

 

 

/s/        William J. Boyce

Justice

 

 

Judgment rendered and Memorandum
Opinion filed December 2, 2008.

Panel consists of Justices Yates,
Seymore, and Boyce.