Affirmed and Memorandum Opinion filed May 12, 2009








Affirmed and Memorandum Opinion filed May 12, 2009

 

 

In The

 

Fourteenth Court of
Appeals

____________

 

NO. 14-07-00741-CV

____________

 

STEVEN P. COOPER, Appellant

 

V.

 

TEXAS DEPARTMENT OF CRIMINAL
JUSTICE ET AL.,
Appellees

 



 

On Appeal from the 412th
District Court

Brazoria County, Texas

Trial Court Cause No. 43680

 



 

M E M O R A N D U M   O P I N I O N

Appellant/plaintiff Steven P. Cooper appeals the trial
court=s dismissal of his
claims.  We affirm.

I.  Factual and Procedural Background








Cooper is an inmate in the Texas Department of Criminal
Justice, Institutional Division (hereinafter ATDCJ@).  On July 19,
2007, Cooper filed a pro se, in forma pauperis lawsuit against numerous TDCJ
employees alleging violation of Title 42, section 1983 of the United States
Code.  On July 31, 2007, without a hearing, the trial court dismissed Cooper=s claims with
prejudice.  The trial court=s order provides, AOn this date the
Court reviewed the pleadings in the above referenced cause.  It appearing that
the Plaintiff has failed to state a cause of action as a matter of law, it is
ORDERED that this cause is dismissed with prejudice to the rights of the
Plaintiff to refile the same.@  

II.  Issue and Analysis

On appeal, Cooper challenges the trial court=s ruling by
arguing that dismissal was improper under Chapter 14[1]
of the Texas Civil Practice and Remedies Code, which governs suits filed by
inmates.  See Tex. Civ. Prac.
& Rem. Code Ann. ' 14.002(a) (Vernon 2002); see also
Hickman v. Adams, 35 S.W.3d 120, 123 (Tex. App.CHouston [14th
Dist.] 2000, no pet.).  The trial court, however, did not dismiss under this
statute; rather, the trial court dismissed on the merits of the claims
asserted.  Any dispute as to the nature of the dismissal is resolved by looking
to the language of the trial court=s order.








As with other rules of interpretation for written
instruments, when construing a trial court=s order, our
primary concern is to give effect to the intention of the trial court.  See
Lone Star Cement Corp. v. J. Roll Fair, District Judge, 467 S.W.2d 402, 404B05 (Tex. 1971). 
When, as in this case, a trial court=s order is
unambiguous, we construe the order as a whole and declare its intent in light
of the literal language used, without considering matters extrinsic to the
order.  See Reiss v.
Reiss, 118 S.W.3d
439, 441B42 (Tex. 2003) (holding that
unambiguous decree must be enforced literally, without consideration of matters
extrinsic to the decree); Gulf Ins. Co. v. Burns Motors, Inc., 22 S.W.3d
417, 422 (Tex. 2000) (holding that language of unambiguous judgment must be
enforced without consideration of extrinsic evidence as to its meaning).  It is clear from
the unambiguous language of the dismissal order that the trial court dismissed
Cooper=s claim on the
merits, stating that Athe Plaintiff has failed to state a cause
of action as a matter of law.@  The trial court made no mention of
Chapter 14 nor did it otherwise indicate that the dismissal was based on any
failure to comply with that statute. 

Even though the trial court clearly dismissed his claims on
the merits, Cooper has not attacked the merits-based dismissal, nor has he
briefed this issue.  The trial court=s dismissal of
Cooper=s claims was Awith prejudice;@ yet, the only
basis upon which Cooper has challenged the trial court=s order is under
Chapter 14, in which dismissals of claims for failure to comply with sections
14.003 and 14.004 should be Awithout prejudice.@  See Hickman,
35 S.W.3d at 124B25.  Because the trial court, in an
unambiguous order, did not dismiss Cooper=s claims under
Chapter 14, and because Cooper does not attack the trial court=s dismissal on the
merits on any other grounds, his challenge necessarily fails and we can affirm
on this basis alone. 

Even if the trial court had dismissed Cooper=s claims under
Chapter 14, his arguments still would fail because it is clear from the record
that Cooper did not comply with the statute.  Because Cooper is an inmate, his
suit is governed by Chapter 14.  Tex.
Civ. Prac. & Rem. Code Ann. ' 14.002(a) (Vernon
2002); see Hickman, 35 S.W.3d at 123.  A reviewing court evaluates a
trial court=s dismissal of an inmate=s claims under
this statute using an abuse-of-discretion standard.  Retzlaff v. Tex. Dep=t of Criminal
Justice, 94 S.W.3d 650, 654 (Tex. App.CHouston [14th
Dist.] 2002, pet. denied).  A trial court has broad discretion to dismiss an
inmate=s suit if it finds
that the claim asserted is frivolous or malicious.  See Martinez v. Thaler,
931 S.W.2d 45, 46 (Tex. App.CHouston [14th Dist.] 1996, writ denied). 
A trial court abuses this broad discretion if it acts arbitrarily,
capriciously, or without reference to any guiding rules or principles.  See
id. 








Section 14.003 provides that a trial court may dismiss a
claim before or after service of process if the court finds any of the
following (1) that the allegation of poverty in the affidavit or unsworn
declaration is false; (2) that the claim is frivolous or malicious; or (3) that
the inmate filed an affidavit or unsworn declaration that the inmate knew was
false.  Tex. Civ. Prac. & Rem. Code
Ann. ' 14.003 (Vernon 2002).  In determining whether a suit
is frivolous or malicious, the court may consider, among other things, whether
the claim is substantially similar to a previous claim filed by the inmate
because the claim arises from the same operative facts.  See id. ' 14.003(b)(4).  To
enable the trial court to determine whether a claim arises from the same
operative facts as a previous claim, the legislature enacted section 14.004.  Hickman,
35 S.W.3d at 124; see Tex.
Civ. Prac. & Rem. Code Ann. ' 14.004 (Vernon
2002).

Section 14.004, entitled AAffidavit Relating
to Previous Filings,@ requires an inmate who files an affidavit
or unsworn declaration of inability to pay costs to file a separate affidavit
or declaration setting out the following information:

(1)     identifying each suit, other than a suit
under the Family Code, previously brought by the person and in which the person
was not represented by an attorney, without regard to whether the person was an
inmate at the time the suit was brought; and

(2)     describing each suit that was previously
brought by:

(A)     stating the operative facts for which relief
was sought;

(B)     listing the case name, cause number, and the
court in which the suit was brought;

(C)     identifying each party named in the suit;
and

(D)     stating
the result of the suit, including whether the suit was dismissed as frivolous
or malicious under Section 13.001 or Section 14.003 or otherwise.

Tex. Civ. Prac. & Rem. Code Ann. ' 14.004(a). 








The record in this case contains no affidavits or unsworn
declarations in compliance with section 14.004.  Cooper filed a declaration
listing previous lawsuits filed, but failed to set forth in sufficient detail
the operative facts upon which relief was sought in each suit.  See Tex. Civ. Prac. & Rem. Code Ann. ' 14.004(a)(2)(A)
(requiring description of operative facts of previous litigation).  Moreover,
in his declaration, Cooper does not identify the parties named in the previous
suits.  See id. ' 14.004(a)(2)(C).  Without a more detailed
description of the operative facts surrounding each of Cooper=s previous
lawsuits and identification of those parties involved, the trial court would
have been in no position to evaluate whether Cooper=s current claims
were substantially similar to his previous claims.  See Bell v. Tex. Dep=t of Criminal
Justice-Inst. Div., 962 S.W.2d 156, 158 (Tex. App.CHouston [14th
Dist.] 1998, pet. denied).  When, as in this case, an inmate files an affidavit
or declaration that fails to comply with the requirements of section 14.004,
the trial court is entitled to presume that the suit is substantially similar
to one previously filed by the inmate, and therefore, frivolous.  Bell,
962 S.W.2d at 158.  Accordingly, a trial court may dismiss an indigent inmate=s suit as
frivolous or malicious without holding a hearing when an inmate fails to comply
with the statutory requirements of section 14.004.  See Gowan v. Tex. Dep=t of Criminal
Justice, 99 S.W.3d 319, 321 (Tex. App.CTexarkana 2003, no
pet.).  For this reason, even if the trial court had based its dismissal of
Cooper=s claims on
Chapter 14, we would find no error in the dismissal of these claims.[2]


III.  Conclusion

Under the unambiguous language of the order of dismissal,
the trial court dismissed Cooper=s claims on the
merits, with prejudice.  In challenging this dismissal on appeal, the only
argument Cooper asserts is that dismissal was improper under Chapter 14. 
Cooper=s argument
necessarily fails because it is based on a false premise.  But even if the
order could be construed as a Chapter 14 dismissal, this court could find no
abuse of discretion by the trial court because Cooper clearly failed to comply
with the statute=s requirements.  Accordingly, we overrule
Cooper=s issue and affirm
the trial court=s judgment.

 

 

/s/      Kem Thompson Frost

Justice

 

Panel consists of Justices Frost, Brown, and Boyce.

 









[1]  Unless otherwise stated, all references in this
opinion to a section are to the corresponding section of the Texas Civil
Practice and Remedies Code.





[2]  Cooper has not argued on appeal that even if this
court affirms, it should reform the judgment so that his claims are not
dismissed Awith prejudice.@