Cameron **LIGHT**, Appellant,

v.

Edward **WOMACK** and Carsidonia[1] **LaPaglia**, Appellees.

No. 09–03–062 CV.

Court of Appeals of Texas, Beaumont.

Submitted Aug. 4, 2003.

Decided Aug. 14, 2003.

---

1. The name "Carsidonia" also appears in the record as "Corsidonia."

Cameron Light, Livingston, pro se.

Bettie L. Wells, Texas Dept. of Criminal Justice, Director of Litigation, Austin, for appellees.

Before McKEITHEN, C.J., BURGESS and GAULTNEY, JJ.

## OPINION

PER CURIAM.

Cameron Light, an inmate in the Texas Department of Criminal Justice, Institutional Division, filed a negligence suit against Institutional Division employees Edward Womack and Carsidonia LaPaglia. Light alleged that he sustained a whiplash injury when a newly installed water heater toppled on him, and that the defendants were negligent in their supervision of the heater's installation and in their maintenance of the safety of the boiler room in which Light worked. Light also alleged that he sustained economic injuries in the form of an $821 ambulance bill and a $5,897 commissary account charge by the Department for the cost of a new water tank. Without prior notice, the trial court dismissed the suit for failure to file an affidavit of previous filings. Light challenges that dismissal in two points of error. We reform the judgment below, and, as reformed, affirm the court's decision.

Point of error one urges that the trial court erred in dismissing appellant's suit for noncompliance with Section 14.004.

*See* TEX. CIV. PRAC. & REM.CODE ANN. § 14.004 (Vernon 2002). Light concedes that Section 14.004 is not satisfied by an unverified denial of previous filings within the body of the petition. *See Jackson v. Texas Dep't of Criminal Justice–Institutional Div.*, 28 S.W.3d 811, 814 (Tex.App.-Corpus Christi 2000, pet. denied). Light argues that he satisfied the statute by providing within the body of his affidavit of indigence a declaration that he had not previously sued any governmental entity or employee. The statement to which he refers is made under penalty of perjury. *See* TEX. CIV. PRAC. & REM.CODE ANN. § 132.003 (Vernon 2002). Nonetheless, Section 14.004 requires that an inmate who files an affidavit or unsworn declaration of inability to pay costs must file a *separate* affidavit or declaration relating to previous filings. The affidavit requirement is not excused in cases where the inmate has not previously filed litigation. Therefore, Light did not strictly comply with the applicable statute.

■ Light argues that he substantially complied with Section 14.004 because his affidavit of indigence included the following statement: "This is also to verify that I have not filed any other lawsuits against any government entity or employee of the State of Texas." Had the declaration been provided in the separate affidavit required by Section 14.004, its content would be deficient because Light limited his declaration to suits filed against a governmental entity or employee. In *Gowan v. Texas Dep't of Criminal Justice*, 99 S.W.3d 319, 322 (Tex.App.-Texarkana 2003, no pet.), the court held that the inmate substantially complied with the affidavit requirement by filing a separate declaration that identified a previously filed suit by style but not by number, but concluded that the trial court acted within its discretion because the declaration failed to disclose whether the appellant had filed other suits in addition to the one suit described in the declaration. Similarly, *Diles v. Henderson*, 76 S.W.3d 807, 810 (Tex.App.-Corpus Christi 2002, no pet.), held that a declaration that the inmate had not previously filed a lawsuit *in forma pauperis* failed to comply with the requirements of Section 14.004 because Section 14.004 requires disclosure of all *pro se* suits and is not limited to disclosure of *in forma pauperis* suits. Here, Light disclosed that he had not previously filed a suit against a government entity or employee of the State of Texas, but failed to declare whether he had previously filed a *pro se* non-Family Code suit against a defendant other than a governmental entity or employee of the State of Texas. It is possible that Light previously filed a suit against a private individual in connection with the injury alleged in the instant suit. Light's affidavit left the trial court in doubt about the extent of his previous *pro se* filings. *See Gowan*, 99 S.W.3d at 322. We hold the trial court did not abuse its discretion by dismissing as frivolous appellant's lawsuit. Point of error one is overruled.

■ Point of error two contends that the trial court erred in dismissing appellant's suit "with prejudice." A dismissal for failure to comply with the rules governing the filing of *in forma pauperis* suits is not a ruling on the merits. *Hughes v. Massey*, 65 S.W.3d 743, 746 (Tex.App.-Beaumont 2001, no pet.). If the deficiency in the inmate's suit may be remedied in a subsequent filing, then a dismissal with prejudice is improper. *Hickman v. Adams*, 35 S.W.3d 120, 124 (Tex.App.-Houston [14th Dist.] 2000, no pet.). "The proper remedy is to modify the judgment by deleting the words 'with prejudice' and by substituting the words 'without prejudice.'" *Hughes*, 65 S.W.3d at 746 (citing TEX.R.APP. P. 43).

Point of error two is sustained. We reform the judgment to provide the cause is dismissed without prejudice. As reformed, the judgment is affirmed.

AFFIRMED AS REFORMED.