Cameron LIGHT, Appellant,

v.

Edward WOMACK and Carsidonia Lapaglia, Appellees.

No. 09–04–087–CV.

Court of Appeals of Texas, Beaumont.

Submitted on July 14, 2004.

Decided Sept. 30, 2004.

Cameron Light, Livingston, pro se.

Greg Abbott, Atty. Gen., Elizabeth A. Salinas, Asst. Atty. Gen., Austin, for amicus curiae.

Before McKEITHEN, C.J., BURGESS and GAULTNEY, JJ.

## OPINION ON REHEARING

DON BURGESS, Justice.

In response to a motion for rehearing filed by Appellant, we withdraw our opinion of August 26, 2004, and substitute the following in its place.

Cameron Light, an inmate in the Texas Department of Criminal Justice, Institutional Division, filed a negligence suit against Institutional Division employees Edward Womack and Carsidonia Lapaglia. Light alleged that he sustained a whiplash injury when a newly installed water heater toppled on him, and that the defendants were negligent in their supervision of the heater's installation and in their maintenance of the safety of the boiler room in which Light worked. Light also alleged that he sustained economic injuries in the form of an ambulance bill and a commissary account charge by the Department for the cost of a new water tank. Without prior notice, the trial court dismissed the suit for failure to file an affidavit of previous filings. Light appealed that dismissal. We reformed the judgment below to provide the cause was dismissed without prejudice and, as reformed, affirmed the court's decision. *See Light v. Womack*, 113 S.W.3d 872 (Tex.App.-Beaumont 2003, no pet.). Light again filed suit and again the trial court dismissed it, "as frivolous pursuant to Chapter Fourteen of the Texas Civil Practice and Remedies Code." *See* Tex. Civ. Prac. & Rem.Code Ann. §§ 14.001–.014 (Vernon 2002).

The Office of the Attorney General of Texas (OAG), as *Amicus Curiae*, filed a brief in response to Light's appeal. It asserts Light has not demonstrated exhaustion of administrative remedies. Our review of the record indicates Light did not allege personal injury in his complaints before the grievance system, nor did he allege negligence on the part of either Womack or Lapaglia. Therefore, Light failed to exhaust his administrative remedies and his tort claim is without a basis in law. *See Retzlaff v. Texas Dept. of Criminal Justice*, 94 S.W.3d 650, 654 (Tex.App.-Houston [14th Dist.] 2002, pet. denied). See also Tex. Gov't Code Ann. § 501.008 (Vernon 1998); Tex. Civ. Prac. & Rem. Code Ann. § 14.005 (Vernon 2002). The order of the trial court is AFFIRMED.