In The



Court of Appeals



Ninth District of Texas at Beaumont



____________________



NO. 09-07-239 CV


____________________



ANTHONY LEON SUMMERS, Appellant



V.



STATE OF TEXAS 


DEPARTMENT OF CRIMINAL JUSTICE, ET AL., Appellees






On Appeal from the 136th District Court


Jefferson County, Texas


Trial Cause No. D-173,295






 OPINION


 Anthony Leon Summers, an inmate, appeals from the trial court's dismissal of his pro
se petition. The trial court determined that Summers failed to comply with Chapter 14 of the
Texas Civil Practice and Remedies Code, which applies to inmates proceeding in forma
pauperis. See Tex. Civ. Prac. & Rem. Code Ann. §§ 14.001-14.014 (Vernon 2002). In two
separate orders, the trial court dismissed all of Summers's claims. Because we find the trial
court did not abuse its discretion in dismissing Summers's claims without prejudice, we
affirm. 

 Summers sued eighteen defendants, who all were individual employees of the Texas
Department of Criminal Justice, Corrections Division: Kenny Allen, James Barefield,
Ronald Breaux, Jr., Jerry Daws, David Doughty, Hilary Flood, Paula Foy, Wesley Freeman,
Terry Gibson, Gatta Harmon, Jr., Mecheal Jackson, William Kountz, Beth Lord, Alex
Mayfield, Reginald McKinney, Clarence Mosley, Jr., Shereda Polk and Bonnie Young. Six
defendants (Daws, Flood, Freeman, Kountz, Lord, and McKinney) filed answers. The
remaining twelve defendants never answered, and nothing in the record indicates that they
were ever served.

 In his petition, Summers complained of the defendants' various acts consisting of
assault, retaliation, extortion, destruction of property, denial of legal and personal supplies,
and violations of his constitutional rights. The petition contained in the record before us does
not include an affidavit of indigence. However, the court's records reflect that Summers did
not pay the filing fee.

 In October 2006, five of the six defendants (Freeman, Flood, Kountz, Lord, and
McKinney) filed a joint motion to dismiss Summers's claims. In their motion, these five
defendants asserted that Summers's suit should be dismissed because of his failure to comply
with several requirements of Chapter 14 of the Texas Civil Practice and Remedies Code. 
Tex. Civ. Prac. & Rem. Code Ann. §§ 14.001-14.014. In January 2007, the trial court
granted the motion and dismissed Summers's claims against Freeman, Flood, Kountz, Lord,
and McKinney, without prejudice.

 Daws, the remaining defendant who answered, subsequently filed a motion to dismiss. 
Daws likewise based his motion on Summers's failure to comply with several of Chapter 14's
requirements. In April 2007, the trial court granted Daws's motion and entered an order
dismissing Summers's claims against all defendants, without prejudice. Both of the
dismissal orders recited that Summers was an inmate housed in a secure correctional facility
at the time he filed his suit and that he filed an affidavit or unsworn declaration of inability
to pay costs. 

 In May 2007, Summers filed a notice of appeal. Subsequent to filing the notice,
Summers filed an affidavit to establish his inability to pay costs, in which he stated that he
had been incarcerated since 2001 and that he had no real property or cash to pay for the cost
of the proceedings. No one contested Summers's affidavit, and the trial court found that
Summers properly established his indigence. 

 When an inmate files suit in a district, county, justice of the peace, or small claims
court, and also files an affidavit or unsworn declaration of inability to pay costs, Chapter 14
("Inmate Litigation") of the Texas Civil Practice and Remedies Code applies. (1) See Tex. Civ.
Prac. & Rem. Code Ann. § 14.002. In part, section 14.004 requires such inmates to file a
separate affidavit or declaration:

 (1) identifying each suit, other than a suit under the Family Code, previously
brought by the person and in which the person was not represented by an
attorney, without regard to whether the person was an inmate at the time the
suit was brought; and


 (2) describing each suit that was previously brought by:


 (A) stating the operative facts for which relief was sought;

 (B) listing the case name, cause number, and the court in which
the suit was brought;

 (C) identifying each party named in the suit; and

 (D) stating the result of the suit, including whether the suit was
dismissed as frivolous or malicious under Section 13.001 or Section
14.003 or otherwise.


Id. § 14.004(a)(1), (2).

 In their motions to dismiss, the defendants asserted that Summers failed to comply
with Chapter 14's requirements because he did not file an affidavit regarding his previous
lawsuits, that he did not file a certified copy of his trust fund account statement, and that he
did not file an affidavit and the related information required by Chapter 14 regarding his
grievances. In dismissing Summers's claims without prejudice, the trial court found that he
failed to comply with the requirements of Chapter 14. The trial court was not requested to
and did not enter findings of fact or conclusions of law. We note that dismissals for failure
to comply with the rules governing the filing of in forma pauperis suits are not rulings on
the merits. Light v. Womack, 113 S.W.3d 872, 874 (Tex. App.-Beaumont 2003, no pet.). 
Therefore, by dismissing a claim without prejudice, a court allows the inmate an
opportunity to re-file and comply with the requirements of Texas's inmate litigation laws.

 When the trial court's order dismissing an indigent inmate's claims does not state the
grounds on which the trial court granted the dismissal, the inmate must show on appeal that
each of the grounds alleged in the respective motion to dismiss is insufficient to support the
trial court's order. Harrison v. Tex. Dep't of Criminal Justice, Inst'l Div., 164 S.W.3d 871,
875 (Tex. App.-Corpus Christi 2005, no pet.). A trial court has broad discretion to dismiss
an indigent inmate's Chapter 14 lawsuit as frivolous or malicious, and we reverse its decision
only if the court abused its discretion. See Moore v. Zeller, 153 S.W.3d 262, 263 (Tex.
App.-Beaumont 2004, pet. denied); see Tex. Civ. Prac. & Rem. Code Ann. § 14.003(a)(2). 
A trial court abuses its discretion if it acts without reference to the pertinent guiding rules or
principles. Clark v. J.W. Estelle Unit, 23 S.W.3d 420, 421 (Tex. App.-Houston [1st Dist.]
2000, pet. denied).

 With respect to the information that Chapter 14 requires to be disclosed, the trial
court needs information regarding the inmate's prior claims to determine if the claims before
it are substantially similar to a previous claim. Tex. Civ. Prac. & Rem. Code Ann. §
14.003(b)(4). If "an inmate does not comply with the affidavit requirements of Section
14.004, the trial court is entitled to assume the suit is substantially similar to one previously
filed by the inmate, and therefore, frivolous." Hall v. Treon, 39 S.W.3d 722, 724 (Tex.
App.-Beaumont 2001, no pet.); see Thomas v. Knight, 52 S.W.3d 292, 295 (Tex.
App.-Corpus Christi 2001, pet. denied). Further, inmates, even though proceeding pro se,
must comply with applicable laws and rules of procedure. Giddens v. Brooks, 92 S.W.3d
878, 880-81 (Tex. App.-Beaumont 2002, pet. denied) (inmate's pro se lawsuit against a
physician and medical center). 

 We have repeatedly held that trial courts do not abuse their discretion by dismissing
inmate suits when the inmate does not file the required affidavit related to previous filings
that Section 14.004 requires. See Light, 113 S.W.3d at 874; Draughon v. Cockrell, 112
S.W.3d 775, 776 (Tex. App.-Beaumont 2003, no pet.); Hall, 39 S.W.3d at 724. Based on
the record before us, we agree that Summers did not file a separate affidavit or declaration
identifying each pro se suit that he previously brought and he failed to provide the required
description of the operative facts regarding his prior suits. See Tex. Civ. Prac. & Rem.
Code Ann. § 14.004(a)(2)(A). "The purpose of Section 14.004 is to curb the constant, often
duplicative, inmate litigation, by requiring the inmate to notify the trial court of previous
litigation and the outcome." Thomas v. Bush, 23 S.W.3d 215, 218 (Tex. App.-Beaumont
2000, pet. denied). 

 In addition, Summers did not file an affidavit reflecting the dates he filed grievances
or provide the additional information concerning grievances required by statute. See Tex.
Civ. Prac. & Rem. Code Ann. §14.005(a)(1)-(2) (Vernon 2002). We have previously held
that the failure to provide the required Chapter 14 documents related to prior grievances is
another factor the trial court is permitted to consider in dismissing an indigent inmate's
claims. See Draughon, 112 S.W.3d at 776. 

 Summers does not provide record references in his brief to demonstrate that the
documents he filed in the trial court contain the required information about his grievances. 
See Tex. Civ. Prac. & Rem. Code Ann. § 14.005. While the trial court's record contains
some forms related to Summers's grievances, these documents are mixed with other
documents in the 152 pages that he attached to his original petition. Summers also attached
various grievance documents in other material that he filed with the trial court, but these
additional documents are contained at various locations in the clerk's record, which is 899
pages in length. However, although we have examined the clerk's record, we do not find
copies of any written decisions by the Department of Corrections on Summers's grievances,
nor do we find the statutorily required affidavit or unsworn declaration by Summers stating
the dates that his grievances were filed and the dates he received decisions on them. See
Tex. Civ. Prac. & Rem. Code Ann. § 14.005(a). We are also unable to determine whether
the material he filed consists of all of the grievances related to the multiple claims he made
in his petition.

 On appeal, Summers does not contend that he attempted to identify his previous suits,
that he filed a copy of his inmate trust account, or that he properly identified the information
required regarding his grievances. Instead, Summers contends that to provide the
information required to comply with the statute, he would be required to have copies of the
relevant documents. Even if we were to assume that the copies of Summers's claims he
previously possessed were no longer in his possession, Summers provided the trial court with
no evidence of his efforts, if any, to obtain the information required by Chapter 14. 
Similarly, Summers does not provide an affidavit or unsworn declaration containing the
information that he could recall regarding his other lawsuits and grievances. We hold that
the information Summers filed with the trial court regarding his grievances does not comply
with the requirements of Chapter 14 and that the trial court's dismissal for failing to comply
with Section 14.005 was not an abuse of discretion. See Moore, 153 S.W.3d at 264. 
Moreover, trial courts are not required to sift through voluminous, unsworn records such as
those Summers filed here in an effort to find the information that the statute requires the
inmate to file in affidavit form. See Clark, 23 S.W.3d at 422. In any event, no copies of the
final decisions on Summers's grievances are found in the material he filed with the trial
court.

 Because Summers did not comply with the requirements of sections 14.004 and
14.005 of the Texas Civil Practice and Remedies Code, we find the trial court did not abuse
its discretion in dismissing his case without prejudice. We affirm the trial court's orders
dismissing Summers's claims. 

 AFFIRMED.

 ____________________________

 HOLLIS HORTON

 Justice


Submitted on February 5, 2008

Opinion Delivered May 22, 2008

Before Gaultney, Kreger, and Horton, JJ.

1. In the record before us, we are unable to locate the affidavit or unsworn declaration
of indigence referenced by the trial court in its dismissal orders. However, Summers does
not: (1) challenge the trial court's finding that he filed an affidavit or declaration of
indigence, (2) contest on appeal that he was indigent when he filed his petition, (3) contend
that he did in fact pay the taxable filing fees, or (4) assert that the trial court processed his
case on the basis that he was indigent when he was not. When "findings are recited in the
judgment, and no one complains or requests findings, and there is no conflict with separately
filed findings of fact, the findings of fact in the judgment should not be ignored on appeal." 
In re Estate of Jones, 197 S.W.3d 894, 900, n. 4 (Tex. App.-Beaumont 2006, pet. denied). 
Therefore, for purposes of this appeal, we accept the trial court's unchallenged finding
regarding Summers's filing of an affidavit or declaration of indigence. See Eller Media Co.
v. City of Houston, 101 S.W.3d 668, 673-74 (Tex. App.-Houston [1st Dist.] 2003, pet.
denied); Cushnie v. State Bar of Texas, 845 S.W.2d 358, 360 (Tex. App.-Houston [1st Dist.]
1992, writ denied). We also note that even under circumstances when a court's record
contains a declaration of the inmate's ability to pay, but the record reflects that in fact no
costs were paid, Chapter 14's requirements have been applied. Johnson v. Tex. Dep't of
Criminal Justice, 71 S.W.3d 492, 493-94 (Tex. App.-El Paso 2002, no pet.).