In The



Court of Appeals



Ninth District of Texas at Beaumont



_________________



NO. 09-08-216 CV


_____________________



LUIS LAGAITE, JR., Appellant



V.



LANNETE K. LINTHICUM, ET AL, Appellees






On Appeal from the 60th District Court


Jefferson County, Texas


Trial Court No. B-180,530 






MEMORANDUM OPINION



 Luis Lagaite, Jr., an inmate, appeals the trial court's order dismissing his pro se
petition. The trial court determined that Lagaite failed to comply with Chapter 14 of the
Texas Civil Practice and Remedies Code, which applies to inmates proceeding in forma
pauperis. See Tex. Civ. Prac. & Rem. Code Ann. § 14.001-.014 (Vernon 2002). The trial
court dismissed all of Lagaite's claims. Because we find the trial court did not abuse its
discretion in dismissing Lagaite's claims, we affirm the order. 

 Lagaite sued Lannete Linthicum, Richard Labelle, Rizalino Reyes, and Daniel Gideon, 
all of whom were medical professionals employed by the Texas Department of Criminal
Justice. Lagaite alleged they violated his civil rights by failing to provide him with adequate
medical care while incarcerated. Gideon and Reyes filed an answer and motion to dismiss. 
The remaining defendants never answered, but the record does not indicate they were served. 
 Gideon and Reyes filed their motion to dismiss on November 28, 2007. In their
motion, they asserted that Lagaite's suit should be dismissed because of his failure to comply
with sections 14.004(a)(2) and 14.004(b) of the Texas Civil Practice and Remedies Code. 
The motion stated that Lagaite had filed pro se at least four other cases which he failed to list
on the affidavit of previous filings attached to his petition. On December 7, 2007, Lagaite
filed a motion to amend his affidavit of previous filings, along with an amended affidavit of
previous filings. The trial court conducted a hearing on April 4, 2008. On April 14, 2008,
the trial court dismissed Lagaite's claims as frivolous pursuant to Chapter Fourteen of the
Texas Civil Practice and Remedies Code.

 When, as here, the trial court's order dismissing an indigent inmate's claims does not
state the grounds on which the trial court granted the dismissal, the inmate must show on
appeal that each of the grounds alleged in the motion to dismiss is insufficient to support the
trial court's order. Harrison v. Tex. Dep't of Crim. Justice-Inst'l Div., 164 S.W.3d 871, 875
(Tex. App.-- Corpus Christi 2005, no pet.). We reverse a trial court's decision to dismiss an
indigent inmate's Chapter Fourteen lawsuit as frivolous or malicious only if the trial court
abused its discretion. See Moore v. Zeller, 153 S.W.3d 262, 263 (Tex. App.--Beaumont
2004, pet. denied); see also Tex. Civ. Prac. & Rem. Code Ann. § 14.003(a)(2). To establish
an abuse of discretion, an appellant must show the trial court acted arbitrarily or
unreasonably in light of the circumstances. Jackson v. Tex. Dep't of Crim. Justice-Inst'l
Div., 28 S.W.3d 811, 813 (Tex. App.--Corpus Christi 2000, pet. denied). 

 When an inmate files suit in a district, county, justice of the peace, or small claims
court, and also files an affidavit or unsworn declaration of inability to pay costs, Chapter
Fourteen ("Inmate Litigation") of the Texas Civil Practice and Remedies Code applies. See
Tex. Civ. Prac. & Rem. Code Ann. § 14.002. Section 14.004 requires the inmate to file a
separate affidavit or declaration:

 (1) identifying each suit, other than a suit under the Family Code,
previously brought by the person and in which the person was not represented
by an attorney, without regard to whether the person was an inmate at the time
the suit was brought; and 

 (2) describing each suit that was previously brought by:

 (A) stating the operative facts for which relief was sought;

 (B) listing the case name, cause number, and the court in which
the suit was brought;

 (C) identifying each party named in the suit; and 

 (D) stating the result of the suit, including whether the suit was dismissed as frivolous or malicious under Section 13.001 or
Section 14.003 or otherwise.


Id. § 14.004(a). If the affidavit or unsworn declaration states a previous suit was dismissed
as frivolous or malicious, the affidavit or unsworn declaration must provide the date of the
final order affirming the dismissal. Id. § 14.004(b). When an inmate's affidavit provides
insufficient information regarding previous filings because it does not meet the requirements
set forth in Chapter Fourteen, the trial court is entitled to assume the present suit is
substantially similar to previous claims and is frivolous. Hall v. Treon, 39 S.W.3d 722, 724
(Tex. App.--Beaumont 2001, no pet.); Clark v. J.W. Estelle Unit, 23 S.W.3d 420, 422 (Tex.
App.--Houston [1st Dist.] 2000, pet. denied).

 In four "issues," Lagaite makes several arguments repetitively. Lagaite argues that
(1) section 14.004 violates the Texas Constitution's Open Courts Provision; (2) Chapter
Fourteen violates the Texas Constitution's Equal Protection Clause; (3) the trial court erred
in dismissing his case without addressing the merits of his claim;(4) he was not allowed to
amend his complaint prior to the trial court's order of dismissal; (5) the trial court failed to
rule on his pending motions prior to the dismissal order; and (6) the trial court erred in
dismissing his claims when the defendants did not file an affidavit with their motion to
dismiss.

 Section 14.004 does not violate the Open Courts Provision of the Texas Constitution. 
In a prior unrelated appeal by Lagaite, this Court rejected Lagaite's argument: 

 The Open Courts Provision provides, "All courts shall be open, and every
person for an injury done him, in his lands, goods, person or reputation, shall
have remedy by due course of law." Tex. Const. art. I, § 13. In analyzing an
open courts challenge, courts must determine (1) if the litigant has a
cognizable common law cause of action that is being restricted, and (2) if so,
whether "'the restriction is unreasonable or arbitrary when balanced against
the purpose and basis of the statute.'" Thomas v. Bush, 23 S.W.3d 215, 218
(Tex. App.--Beaumont 2000, pet. denied) (quoting Sax v. Votteler, 648 S.W.2d
661, 666, 26 Tex. Sup. Ct. J. 316 (Tex. 1983)). The restrictions are not
unreasonable or arbitrary when balanced against the underlying purposes of the
statute. See id. at 219 (statute controls flood of frivolous lawsuits filed by
prison inmates). 


Lagaite v. Smith, No. 09-06-350-CV, 2007 Tex. App. LEXIS 3178, at **7-8 (Tex. App.--Beaumont, Apr. 26, 2007, no pet.) (mem. op.). Chapter Fourteen does not violate the Equal Protection Clause. Lagaite presented a
similar equal protection argument in his prior unrelated appeal, and this Court overruled his
issue:

 To assert an equal protection claim, Lagaite must establish "(1) that he was
treated differently than other similarly-situated parties; and (2) he was treated
differently without a reasonable basis." Sanders v. Palunsky, 36 S.W.3d 222,
225 (Tex. App.--Houston [14th Dist.] 2001, no pet.). The provisions of
Chapter 14 apply to all inmate suits in which an affidavit or unsworn
declaration of inability to pay costs is filed, and all indigent inmates must
comply with the special filing and time limit requirements. Id. Lagaite has not
shown that he has been treated differently from other similarly-situated
inmates.


Lagaite, 2007 Tex. App. LEXIS 3178, at **6-7. Here, Lagaite again fails to demonstrate he
has been treated differently from other similarly-situated inmates. Of course, frivolous
lawsuits are impermissible regardless of who files them, and various laws sanction frivolous
filings. Although this statute specifically applies to inmates, there is a reasonable basis for
the statute. The statute was "designed to control the flood of frivolous lawsuits being filed
in the courts of this state by prison inmates, consuming valuable judicial resources with little
offsetting benefit." Hickson v. Moya, 926 S.W.2d 397, 399 (Tex. App.--Waco 1996, no
writ). 

 Lagaite argues the trial court erred in dismissing his case without addressing the
merits of his claim. Dismissals for failure to comply with the rules governing the filing of
informa pauperis suits are not rulings on the merits. Light v. Womack, 113 S.W.3d 872, 874
(Tex. App.--Beaumont 2003, no pet.). By dismissing a claim without prejudice, a court
allows the inmate an opportunity to re-file and comply with the requirements of Texas'
inmate litigation laws. The order of dismissal here does not state whether the case was
dismissed with or without prejudice. It is therefore presumed the case was dismissed without
prejudice. See Nawas v. R & S Vending, 920 S.W.2d 734, 736 n.1 (Tex. App.--Houston [1st
Dist.] 1996, no writ). 

 As for Lagaite's argument that he was not allowed to amend his complaint, the
amended affidavit of previous filings he filed subsequent to the hearing on defendants'
motion to dismiss did not meet the requirements of section 14.004(a)(2) because it, like the
first affidavit of previous filings he filed with his petition, did not state the operative facts
for which relief was sought for each suit Lagaite previously filed. See Tex. Civ. Prac. &
Rem. Code Ann. § 14.004(a)(2)(A); see also Tex. Civ. Prac. & Rem. Code Ann. §
14.004(b) (requiring date of final order "affirming the dismissal."). To the extent Lagaite is
arguing the trial court should have, after the hearing, allowed him to amend the affidavit of
previous filings again before dismissing his suit, there is no absolute requirement in these
circumstances that the trial court permit continuing amendments before dismissing an
inmate's suit without prejudice.

 Lagaite maintains that the trial court erred in dismissing his suit "[without] ever ruling
on pending motions, motion for declaratory judgment, [and] motion to amend complaint
affidavit in support of previous lawsuits." The trial court did not abuse its discretion in
dismissing Lagaite's suit as frivolous, and the trial court did not abuse its discretion in not
ruling on Lagaite's pending motions in the frivolous litigation. See Lagaite v. Livingston,
No. 03-07-00067, 2008 Tex. App. LEXIS 7478, at **5-6 (Tex. App.--Austin, Aug. 27, 2008,
no pet.) (mem. op.); Garrett v. Nunn, No. 07-06-0428-CV, 2007 Tex. App. LEXIS 8674, at
**8-9 (Tex. App.--Amarillo Oct. 31, 2007, no pet.) (mem. op.); Nabelek v. District Attorney
of Harris County, No. 14-03-00965-CV, 2005 Tex. App. LEXIS 7389, at **23-24 (Tex.
App.--Houston [14th Dist.] Sep. 8, 2005, pet. denied).

 Last, Lagaite argues the trial court erred in dismissing his claims because the
defendants did not attach an affidavit to their motion to dismiss. Chapter Fourteen does not
require the defendants to attach an affidavit to their motion to dismiss. 

 Lagaite's four issues are overruled. We affirm the trial court's order dismissing
Lagaite's claims. 


 AFFIRMED.

 ___________________________

 DAVID GAULTNEY

 Justice


Submitted on December 4, 2008

Opinion Delivered December 18, 2008


Before McKeithen, C.J., Gaultney and Kreger, JJ.