# NO. 12-09-00262-CV

# IN THE COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT

# TYLER, TEXAS

| | | |
|---|---|---|
| *MARK BROWN,*<br>*APPELLANT* | *§* | *APPEAL FROM THE 87TH* |
| *V.* | *§* | *JUDICIAL DISTRICT COURT* |
| *SHELIA LOPEZ AND*<br>*MATTIE JACKSON,*<br>*APPELLEES* | *§* | *ANDERSON COUNTY, TEXAS* |

### *MEMORANDUM OPINION*

Mark Brown appeals the dismissal of his civil suit against Sheila Lopez and Mattie Jackson, employees of the Texas Department of Criminal Justice. In one issue, Brown argues that the trial court erred in dismissing his suit. We affirm.

### BACKGROUND

Brown is an inmate in the Texas Department of Criminal Justice. On January 8, 2009, Brown, proceeding pro se, filed this lawsuit against Appellees Lopez and Jackson. In his petition, Brown sought one thousand dollars as compensation for a clamp and a typewriter that he alleges were not returned to him when he was moved from one building to another within the prison. The Texas Attorney General filed an answer denying the allegations, asserting various forms of immunity, and asserting that the lawsuit should be dismissed for failure to comply with Chapter 14 of the Texas Civil Practice and Remedies Code.

The trial court found that this lawsuit was governed by Chapter 14, that Brown did not file his petition before the thirty-first day following his exhaustion of administrative remedies, and that he failed to file an affidavit of previous filings. Both are requirements for those

1

proceeding *in forma pauperis*, like Brown, and so the trial court dismissed Brown's lawsuit. This appeal followed.

## DISMISSAL OF SUIT UNDER CHAPTER 14

In a single issue, Brown argues that the trial court erred when it dismissed his lawsuit. In his reply brief, Appellant argues that he was not required to list his previous litigation and that Lopez and Jackson did not request dismissal on the grounds that he missed the filing deadline for his lawsuit.

### Applicable Law and Standard of Review

Chapter 14 of the Texas Civil Practice and Remedies Code applies to a lawsuit brought by an inmate who has filed an affidavit or unsworn declaration of inability to pay costs and imposes several procedural requirements for the pleadings in such lawsuits. *See* TEX. CIV. PRAC. & REM. CODE ANN. §§ 14.002–.006 (Vernon 2002); *Garrett v. Borden*, 283 S.W.3d 852, 853 (Tex. 2009). An inmate's lawsuit may be dismissed if it fails to meet the procedural requirements imposed by chapter fourteen. *See Thompson v. Rodriguez*, 99 S.W.3d 328, 330 (Tex. App.–Texarkana 2003, no pet.); *Lilly v. Northrep*, 100 S.W.3d 335, 336 (Tex. App.–San Antonio 2002, pet. denied). Our review of the dismissal of an inmate lawsuit is for an abuse of discretion. *See Williams v. Tex. Dep't of Criminal Justice–Institutional Div.*, 176 S.W.3d 590, 593 (Tex. App.–Tyler 2005, pet. denied).

### Analysis–Timeliness

Brown filed his grievance with the prison system on July 2008. He received a "Step 1" disposition of that complaint on August 14, 2008. He filed a "Step 2" grievance or appeal on August 21, 2008. A prison official signed a written decision on Brown's "Step 2" grievance on September 19, 2008.[1]

Section 14.005 requires an inmate litigant to file an affidavit or unsworn declaration stating the date the grievance was filed and the date the written decision was received by the inmate along with a copy of the written decision. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 14.05(a)(1), (2) (Vernon 2002). Section 14.005(b) requires the trial court to dismiss a

---

[1] The next page reproduced along with Brown's pleadings is a document dated September 23, 2009 stating that additional time is needed to investigate Brown's grievance. It is not clear why additional investigation would be necessary following the disposition of Brown's grievance. Brown did not file an explanation, and he did not, pursuant to section 14.005(c), suggest that the grievance procedure had not been completed.

claim not filed before the thirty-first day after the date the inmate receives a written decision from the grievance system. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 14.05(b). Appellant did not file an affidavit or unsworn declaration stating the date on which he received the disposition of his "Step 2" grievance. However, as the lawsuit in this case was filed on January 8, 2009, Brown's pleadings do not show that he filed it within the thirty-one days following his receipt of the disposition of his grievance.

Brown does not argue that his filing of the lawsuit was timely. Instead, he argues that Lopez and Jackson did not plead that his lawsuit was filed untimely and so have abandoned this issue.[2] This is not an important distinction. Section 14.005(b) requires the trial court to dismiss a claim not filed before the thirty-first day after the date the inmate receives a written decision from the grievance system. Accordingly, the trial court did not abuse its discretion when it dismissed the lawsuit on this basis.

## Analysis–Prior Litigation

Chapter 14, section 14.003 also provides that a trial court may dismiss a claim if the court finds that the claim is frivolous or malicious. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 14.003(a)(2) (Vernon Supp. 2002). In determining whether a claim is frivolous or malicious, a trial court may consider whether the claim is substantially similar to a previous claim filed by the inmate that arises out of the "same operative facts." *Id*. § 14.003(b)(4). To enable a trial court to determine whether the suit is substantially similar to a previous one, an inmate is required to file a separate affidavit or unsworn declaration describing all other suits the inmate has brought and stating the "operative facts" upon which relief was sought. *Id*. § 14.004(a)(2)(A). The declaration must state the result of any suits, including whether the suit was dismissed as frivolous or malicious under section 13.001 or section 14.003 or otherwise. *Id*. § 14.004(a)(2)(D).

When an inmate files an affidavit or declaration that fails to comply with the requirements of section 14.004, "the trial court is entitled to assume that the suit is substantially similar to one previously filed by the inmate, and therefore, frivolous." ***Bell v. Tex. Dep't of***

---

[2] Lopez and Jackson did not plead specifically that the lawsuit was time–barred. Instead, citing ***Smith v. Texas Department of Criminal Justice-Institutional Division***, 33 S.W.3d 338, 341 (Tex. App.–Texarkana 2000, pet. denied), in their answer, they argued that the lawsuit could be dismissed for failure to provide the relevant information about Brown's attempts to receive relief through the administrative process. They also argued that the trial court could dismiss the lawsuit because it could not determine that it was filed within thirty-one days of the conclusion of the grievance process.

3

*Criminal Justice*, 962 S.W.2d 156, 158 (Tex. App.–Houston [14th Dist.] 1998, pet. denied). In such an instance, the trial court may dismiss the suit on the grounds that it is frivolous or malicious. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 14.003(a)(2), (b)(4); *Thompson v. Rodriguez*, 99 S.W.3d 328, 330 (Tex. App.–Texarkana 2003, no pet.).

Brown concedes that he did not file an affidavit that addresses his previous lawsuits. Rather, he asserts that he was not required to file an affidavit about his previous lawsuits because he had never before filed one. Section 14.004 anticipates that the litigant has previously brought suit. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 14.004(a)(1) (Inmate must file an affidavit or unsworn declaration "identifying each suit. . . ."). Nevertheless, other courts have held that an unverified denial of previous filings is insufficient to comply with section 14.004. *See Light v. Womack*, 113 S.W.3d 872, 874 (Tex. App.–Beaumont 2003, no pet.) (citing *Jackson v. Tex. Dep't of Criminal Justice-Institutional Div.*, 28 S.W.3d 811, 814 (Tex. App.–Corpus Christi 2000, pet. denied)). Brown's pleadings did not comply with the requirement that he list, under oath, any previous lawsuits he had brought. Accordingly, the trial court did not abuse its discretion in dismissing this lawsuit on that basis.

## DISPOSITION

Having overruled Brown's sole issue, we *affirm* the judgment of the trial court.

## BRIAN HOYLE
Justice

Opinion delivered June 30, 2010.
*Panel consisted of Worthen, C.J., Griffith, J., and Hoyle, J.*

(PUBLISH)