NO. 12-09-00262-CV

 

IN THE COURT OF APPEALS          

 

TWELFTH COURT OF APPEALS DISTRICT

 

TYLER, TEXAS

MARK BROWN,                                           §          APPEAL
FROM THE 87TH            

APPELLANT

 

V.                                                                    §          JUDICIAL
DISTRICT COURT      

 

SHELIA LOPEZ AND

MATTIE JACKSON,

APPELLEES                                                             §          ANDERSON
COUNTY, TEXAS     







MEMORANDUM
OPINION

Mark
Brown appeals the dismissal of his civil suit against Sheila Lopez and Mattie
Jackson, employees of the Texas Department of Criminal Justice.  In one issue,
Brown argues that the trial court erred in dismissing his suit.  We affirm.

 

Background

Brown
is an inmate in the Texas Department of Criminal Justice.  On January 8, 2009,
Brown, proceeding pro se, filed this lawsuit against Appellees Lopez and
Jackson.  In his petition, Brown sought one thousand dollars as compensation
for a clamp and a typewriter that he alleges were not returned to him when he
was moved from one building to another within the prison.  The Texas Attorney
General filed an answer denying the allegations, asserting various forms of
immunity, and asserting that the lawsuit should be dismissed for failure to
comply with Chapter 14 of the Texas Civil Practice and Remedies Code.

The
trial court found that this lawsuit was governed by Chapter 14, that Brown did
not file his petition before the thirty-first day following his exhaustion of
administrative remedies, and that he failed to file an affidavit of previous
filings.  Both are requirements for those proceeding in forma pauperis,
like Brown, and so the trial court dismissed Brown’s lawsuit.  This appeal
followed.

 

Dismissal of Suit under Chapter 14

In
a single issue, Brown argues that the trial court erred when it dismissed his
lawsuit.  In his reply brief, Appellant argues that he was not required to list
his previous litigation and that Lopez and Jackson did not request dismissal on
the grounds that he missed the filing deadline for his lawsuit.

Applicable
Law and Standard of Review

Chapter
14 of the Texas Civil Practice and Remedies Code applies to a lawsuit brought
by an inmate who has filed an affidavit or unsworn declaration of inability to
pay costs and imposes several procedural requirements for the pleadings in such
lawsuits.  See Tex. Civ. Prac.
& Rem. Code Ann. §§ 14.002–.006 (Vernon 2002); Garrett v.
Borden, 283 S.W.3d 852, 853 (Tex. 2009).  An inmate’s lawsuit may be
dismissed if it fails to meet the procedural requirements imposed by chapter
fourteen.  See Thompson v. Rodriguez, 99 S.W.3d 328, 330
(Tex. App.–Texarkana 2003, no pet.); Lilly v. Northrep, 100
S.W.3d 335, 336 (Tex. App.–San Antonio 2002, pet. denied).  Our review of the
dismissal of an inmate lawsuit is for an abuse of discretion.  See
Williams v. Tex. Dep’t of Criminal JusticeBInstitutional Div., 176 S.W.3d 590,
593 (Tex. App.–Tyler 2005, pet. denied).

Analysis–Timeliness

Brown
filed his grievance with the prison system on July 2008.  He received a “Step
1” disposition of that complaint on August 14, 2008.  He filed a “Step 2”
grievance or appeal on August 21, 2008.  A prison official signed a written
decision on Brown’s “Step 2” grievance on September 19, 2008.[1]  

Section
14.005 requires an inmate litigant to file an affidavit or unsworn declaration
stating the date the grievance was filed and the date the written decision was
received by the inmate along with a copy of the written decision.  See Tex. Civ. Prac. & Rem. Code Ann. § 14.05(a)(1), (2) (Vernon 2002).  Section 14.005(b) requires the trial court
to dismiss a claim not filed before the thirty-first day after the date the
inmate receives a written decision from the grievance system.  See Tex. Civ. Prac. & Rem. Code Ann. § 14.05(b).  Appellant did not file an
affidavit or unsworn declaration stating the date on which he received the
disposition of his “Step 2” grievance.  However, as the lawsuit in this case
was filed on January 8, 2009, Brown’s pleadings do not show that he filed it
within the thirty-one days following his receipt of the disposition of his
grievance.

Brown
does not argue that his filing of the lawsuit was timely.  Instead, he argues
that Lopez and Jackson did not plead that his lawsuit was filed untimely and so
have abandoned this issue.[2] 
This is not an important distinction.  Section 14.005(b) requires the trial
court to dismiss a claim not filed before the thirty-first day after the date
the inmate receives a written decision from the grievance system.  Accordingly,
the trial court did not abuse its discretion when it dismissed the lawsuit on
this basis.

Analysis–Prior
Litigation

Chapter
14, section 14.003 also provides that a trial court may dismiss a claim if the
court finds that the claim is frivolous or malicious.  See Tex. Civ. Prac. & Rem. Code Ann. § 14.003(a)(2)
(Vernon Supp. 2002).  In determining whether a claim is frivolous or malicious,
a trial court may consider whether the claim is substantially similar to a
previous claim filed by the inmate that arises out of the “same operative
facts.”  Id. § 14.003(b)(4). To enable a trial court to determine
whether the suit is substantially similar to a previous one, an inmate is
required to file a separate affidavit or unsworn declaration describing all
other suits the inmate has brought and stating the “operative facts” upon which
relief was sought.  Id. § 14.004(a)(2)(A).  The declaration
must state the result of any suits, including whether the suit was dismissed as
frivolous or malicious under section 13.001 or section 14.003 or otherwise.  Id.
§ 14.004(a)(2)(D).

When
an inmate files an affidavit or declaration that fails to comply with the
requirements of section 14.004, “the trial court is entitled to assume that the
suit is substantially similar to one previously filed by the inmate, and
therefore, frivolous.”  Bell v. Tex. Dep’t of Criminal Justice,
962 S.W.2d 156, 158 (Tex. App.–Houston [14th Dist.] 1998, pet. denied).  In
such an instance, the trial court may dismiss the suit on the grounds that it
is frivolous or malicious.  See Tex.
Civ. Prac. & Rem. Code Ann. § 14.003(a)(2), (b)(4); Thompson
v. Rodriguez, 99 S.W.3d 328, 330 (Tex. App.–Texarkana 2003, no pet.).

Brown
concedes that he did not file an affidavit that addresses his previous
lawsuits.  Rather, he asserts that he was not required to file an affidavit
about his previous lawsuits because he had never before filed one.  Section
14.004 anticipates that the litigant has previously brought suit.  See Tex. Civ. Prac. & Rem. Code Ann.
§ 14.004(a)(1) (Inmate must file an affidavit or unsworn declaration
“identifying each suit. . . .”).  Nevertheless, other courts have held that an
unverified denial of previous filings is insufficient to comply with section
14.004.  See Light v. Womack, 113 S.W.3d 872, 874 (Tex. App.–Beaumont
2003, no pet.) (citing Jackson v. Tex. Dep’t of Criminal
Justice-Institutional Div., 28 S.W.3d 811, 814 (Tex. App.–Corpus
Christi 2000, pet. denied)).  Brown’s pleadings did not comply with the
requirement that he list, under oath, any previous lawsuits he had brought. 
Accordingly, the trial court did not abuse its discretion in dismissing this
lawsuit on that basis.

 

Disposition

Having
overruled Brown’s sole issue, we affirm the judgment of the trial
court.

 

                                                                                    Brian Hoyle

                                                                                          
Justice

 

Opinion delivered June 30, 2010.

Panel consisted of
Worthen, C.J., Griffith, J., and Hoyle, J.

 

 

(PUBLISH)









[1]
The next page reproduced along with Brown’s pleadings is a document dated
September 23, 2009 stating that additional time is needed to investigate
Brown’s grievance.  It is not clear why additional investigation would be
necessary following the disposition of Brown’s grievance.  Brown did not file
an explanation, and he did not, pursuant to section 14.005(c), suggest that the
grievance procedure had not been completed.

 





[2]
Lopez and Jackson did not plead specifically that the lawsuit was time–barred. 
Instead, citing Smith v. Texas Department of Criminal Justice-Institutional
Division, 33 S.W.3d 338, 341 (Tex. App.–Texarkana 2000, pet. denied),
in their answer, they argued that the lawsuit could be dismissed for failure to
provide the relevant information about Brown’s attempts to receive relief
through the administrative process.  They also argued that the trial court
could dismiss the lawsuit because it could not determine that it was filed
within thirty-one days of the conclusion of the grievance process.